**Ellsworth YOUNGBEAR, Appellee,**

v.

**Lou V. BREWER, Warden of the Iowa State Penitentiary at Fort Madison, Appellant.**

**No. 76–1746.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 14, 1977.

Decided Feb. 9, 1977.

Thomas D. McGrane, Asst. Atty. Gen., Des Moines, Iowa, for appellant; Richard C. Turner, Atty. Gen., Des Moines, Iowa, on brief.

Robert N. Clinton, University of Iowa, Iowa City, Iowa, for appellee.

John E. Echohawk, A. John Wabaunsee and Richard B. Collins, Native American Rights Fund, Boulder, Colo., and Merle L. Royce, Marshalltown, Iowa, filed brief of amicus curiae, Sac & Fox Tribe of the Mississippi in Iowa.

Before BRIGHT and HENLEY, Circuit Judges, and HARPER, Senior District Judge.*

PER CURIAM.

Ellsworth Youngbear, an Indian, brought this action for a writ of habeas corpus to set aside his Iowa state court conviction for second degree murder of another Indian,

* Roy W. Harper, Senior District Judge, Eastern District of Missouri, sitting by designation.

committed within the confines of the Sac and Fox Indian Reservation in the State of Iowa. Youngbear contends that the State of Iowa lacked jurisdiction to try him in Iowa courts for murder. The United States District Court (McManus, C. J.) agreed with that contention and granted the writ. *Youngbear v. Brewer*, 415 F.Supp. 807 (N.D.Iowa 1976). Respondent Brewer, warden of the Iowa State Penitentiary, brings this appeal, and we affirm.

The Federal Major Crimes Act, as amended, 18 U.S.C. § 1153, vests general jurisdiction in the federal courts to prosecute Indian defendants for specified crimes, including murder, committed against Indians or others within "Indian country." That statute, as material, reads:

> Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to kill, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States. [18 U.S.C. § 1153.]

The Federal Major Crimes Act has long been interpreted as granting federal courts exclusive jurisdiction over the enumerated crimes. *See, e. g., Keeble v. United States*, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973); *Seymour v. Superintendent*, 368 U.S. 351, 82 S.Ct. 424, 7 L.Ed.2d 346 (1962); *Williams v. Lee*, 358 U.S. 217, 220 n. 5, 79 S.Ct. 269, 3 L.Ed.2d 251 (1959); *United States v. Kagama*, 118 U.S. 375, 383–85, 6 S.Ct. 1109, 30 L.Ed. 228 (1886); *United States ex rel. Condon v. Erickson*, 459 F.2d 663 (8th Cir. 1972), *on remand*, 344 F.Supp. 777 (D.S.D.1972), *aff'd* 478 F.2d 684 (8th Cir. 1973); and *City of New Town v. United States*, 454 F.2d 121, 123 (8th Cir. 1972).

In asserting jurisdiction to prosecute Youngbear under Iowa law, the state prosecutor relied upon a 1948 congressional grant of jurisdiction to the State of Iowa "over offenses committed by or against Indians on the Sac and Fox Indian Reservation" contained in the Act of June 30, 1948, ch. 759, 62 Stat. 1161, Pub.L. No. 846 (80th Cong., 2d Sess.) (hereinafter P.L. 846). P.L. 846 provides, in relevant part:

> That jurisdiction is hereby conferred on the State of Iowa over offenses committed by or against Indians on the Sac and Fox Indian Reservation in that State to the same extent as its courts have jurisdiction generally over offenses committed within said State outside of any Indian reservation: *Provided, however,* That nothing herein contained shall deprive the courts of the United States of jurisdiction over offenses defined by the laws of the United States committed by or against Indians on Indian reservations.

In reviewing Youngbear's state court conviction, the Iowa Supreme Court sustained the conviction on its merits, and also rejected Youngbear's challenge to the state court's subject matter jurisdiction over the crime. *State v. Youngbear*, Iowa, 229 N.W.2d 728 (1975). That court read P.L. 846 as clearly granting Iowa courts jurisdiction to prosecute offenders for all crimes committed by or against Indians on the Sac and Fox Reservation. The Iowa Supreme Court reasoned:

> Chapter 759 [P.L. 846] is a broad grant of criminal jurisdiction to the State of Iowa. The language immediately preceding the proviso confers on the State criminal jurisdiction over offenses committed by or against Indians on the Sac and Fox Reservation "to the same extent" as its courts have criminal jurisdiction generally. Inasmuch as there can be no question but that in 1948 as now the reach of Iowa courts exercising general criminal jurisdiction extended to such crimes as murder, it seems clear the language immediately preceding the proviso in chapter 759 [P.L. 846], standing alone, would operate to vest subject-matter jurisdiction in

Iowa courts over offenses such as the one involved in this case.

In suggesting otherwise, defendant relies heavily on the proviso contained in chapter 759 [P.L. 846]. He contends the proviso operates to except from the broad grant of jurisdiction conferred on the State by the first part of the statute, crimes including murder specified in the Federal Major Crimes Act. Those crimes, he insists, remain within the exclusive jurisdiction of the federal courts.

The clear language and plain meaning of chapter 759 [P.L. 846] lend no real support to defendant's position. While the proviso upon which he relies expressly reserves jurisdiction over certain crimes in the federal courts, it contains no language subject to a construction depriving the State of the general jurisdiction conferred in the first part of the statute over the same crimes. Reading the proviso together with the rest of chapter 759 [P.L. 846], we view the statute as granting the State's exclusive jurisdiction over crimes not specified in the Federal Major Crimes Act and concurrent jurisdiction over the ten crimes enumerated in that Act. It necessarily follows from this reading of the statute that trial court had subject-matter jurisdiction in the instant case. [*Id.* at 733.]

The federal district court, however, considered the applicable language of P.L. 846 to be ambiguous. Judge McManus wrote:

The proviso appended to Pub.L. 846 states "that nothing herein contained shall deprive the courts of the United States of jurisdiction over offenses defined by the laws of the United States committed by or against Indians on Indian reservations." Clearly this clause refers to the crimes defined in the Federal Major Crimes Act. As indicated above, jurisdiction over these offenses under 18 U.S.C. § 1153 is vested exclusively in the Federal courts.

Therein lies the ambiguity in Pub.L. 846. The first section of the statute purports to grant general criminal jurisdiction to the courts of Iowa to the same extent that criminal jurisdiction is exercised elsewhere in the State. But that jurisdiction is then limited by the proviso, which prohibits the Act from depriving the United States courts of jurisdiction exercised under 18 U.S.C. § 1153. The State argues that the proviso only retains concurrent jurisdiction in the Federal courts over the offenses enumerated in § 1153. Petitioner contends that since the jurisdiction exercised by the Federal courts under § 1153 was exclusive, the proviso in Pub.L. 846 reserves exclusive jurisdiction over the major crimes in the United States Courts. [*Youngbear v. Brewer, supra*, 415 F.Supp. at 810–11.]

Judge McManus resolved the ambiguity in P.L. 846 by interpreting the statutory language in light of canons of construction applicable to laws regulating the affairs of Indians. He concluded that P.L. 846 should be interpreted as preserving exclusive federal jurisdiction over offenses defined in 18 U.S.C. § 1153 (Federal Major Crimes Act) and as granting the State of Iowa jurisdiction over all other offenses. Judge McManus found support for his conclusion in the legislative history of P.L. 846 and by comparing P.L. 846 with congressional enactments giving states other than Iowa jurisdiction over crimes committed in Indian country.

We agree that the language of P.L. 846 is far from clear. The jurisdictional grant to Iowa in the first paragraph is qualified by an apparently inconsistent proviso—retention of the theretofore exclusive federal jurisdiction granted by the Federal Major Crimes Act. Judge McManus fully and extensively discussed the applicable case law and legislative history and we are persuaded by his reasoning.

Accordingly, we affirm on the basis of that opinion. *Youngbear v. Brewer*, 415 F.Supp. 807 (N.D.Iowa 1976).