STATE OF KANSAS, *Appellant,* v. BENNIE NIOCE, *Appellee,*
and

No. 58,530

STATE OF KANSAS, *Appellant,* v. EMERY L. NEGONSOTT, *Appellee.*
(716 P.2d 585)

Opinion filed March 28, 1986.

*Micheal A. Ireland,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for appellant in case No. 58,328.

*Timothy G. Madden,* assistant attorney general, argued the cause, and *Robert T. Stephan,* attorney general, and *Phillip A. Burdick,* county attorney, were with him on the brief for appellant in case No. 58,530.

*William E. Enright,* of Topeka, argued the cause and was on the brief for appellee Nioce.

*Robert L. Tabor,* of Topeka, argued the cause for appellee Negonsott.

The opinion of the court was delivered by

HERD, J.: These consolidated actions raise the issue of whether the State of Kansas has jurisdiction over criminal offenses committed by or against Indians on Indian reservations located within this state. While the facts are not essential for resolution of this issue, they are briefly stated as follows.

Appellee Bennie Nioce is an American Indian who allegedly committed aggravated battery upon another American Indian while on the Pottawatomie County Indian Reservation in Jackson County, Kansas. The Jackson County District Court, relying on our holding in *State v. Mitchell,* 231 Kan. 144, 642 P.2d 981 (1982), dismissed the charges against Nioce. Identical charges were subsequently reinstated against Nioce, based upon a recent decision of the Federal District Court of Kansas, *Iowa Tribe of Indians of Kansas and Nebraska v. State of Kansas,* No. 83-4304

(D. Kan. 1984). The federal court concluded *Mitchell* was wrongly decided. The Kansas trial court, however, once again dismissed the charges against Nioce, following *Mitchell.*

Appellee, Emery Negonsott is a Kickapoo Indian who is charged with aggravated battery for the shooting of another Kickapoo Indian. The shooting occurred within the territorial confines of the Kickapoo Indian Nation Reservation, located in Brown County, Kansas. He was convicted by jury of the crime charged but the district court, relying on *Mitchell,* subsequently set aside the conviction for lack of jurisdiction.

The State appeals, urging the court to reconsider its decision in *Mitchell* and give Kansas jurisdiction over all crimes committed by or against Indians on Indian reservations in Kansas.

The primary issue is whether the State of Kansas has jurisdiction to try the appellants for the crime of aggravated battery. Resolution of this issue depends upon our interpretation of 18 U.S.C. § 3243 (1982):

"Jurisdiction is conferred on the State of Kansas over offenses committed by or against Indians on Indian reservations, including trust or restricted allotments, within the State of Kansas, to the same extent as its courts have jurisdiction over offenses committed elsewhere within the State in accordance with the laws of the State.

"This section shall not deprive the courts of the United States of jurisdiction over offenses defined by the laws of the United States committed by or against Indians on Indian reservations."

The first provision of this statute is clear and appears to confer jurisdiction on the State of Kansas over all offenses committed by or against Indians on Indian reservations within the State. However, the second paragraph renders the statute ambiguous as it preserves federal jurisdiction over "offenses defined by the laws of the United States committed by or against Indians on Indian reservations."

Appellees argue the Federal Major Crimes Act, codified at 18 U.S.C. § 1153 (1982), grants exclusive federal jurisdiction over Indian offenses. That statute provides in part:

"Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnaping, rape, carnal knowledge of any female, not his wife, who has not attained the age of sixteen years, assault with intent to commit rape, incest, assault with intent to commit murder, assault with a dangerous weapon, assault resulting in serious bodily injury, arson, burglary, robbery, and larceny within the Indian country, shall be subject to the same laws and penalties as all other

persons committing any of the above offenses, within the exclusive jurisdiction of the United States."

We first had occasion to interpret 18 U.S.C. § 3243 in *State v. Mitchell*, 231 Kan. 144, 642 P.2d 981 (1982). There, the defendant was charged with murder in the second degree. Both the defendant and the victim were "Indians" and the offenses occurred within "Indian country" as those terms are defined in 18 U.S.C. § 1151 *et seq.* (1982). The defendant argued 18 U.S.C. § 1153 granted exclusive federal jurisdiction over Indian offenses, while the State contended 18 U.S.C. § 3243 gave Kansas concurrent jurisdiction. After examining the legislative history of the statutes in question, we determined that Congress, in enacting 18 U.S.C. § 3243, intended to retain exclusive jurisdiction over the crimes specifically enumerated in 18 U.S.C. § 1153, including murder. Therefore, we held the State acted beyond the scope of its jurisdictional authority in trying the defendant for murder.

The court, in so holding, relied primarily upon the case of *Youngbear v. Brewer*, 415 F. Supp. 807 (N.D. Iowa 1976), *aff'd* 549 F.2d 74 (8th Cir. 1977). There, the federal court interpreted an identical grant of jurisdiction to Iowa, and held that Congress intended to preserve exclusive federal jurisdiction over the major crimes.

This court in *Mitchell* and the federal court in *Youngbear* cited the legislative history of 18 U.S.C. § 3243 as support for their interpretation of the statute. The original draft of the bill conferring jurisdiction on the State of Kansas specifically provided that *concurrent* jurisdiction was relinquished to the State and further provided that the Federal Major Crimes Act be modified accordingly. 86 Cong. Rec. 5596, 76th Cong. 3d Sess. (May 6, 1940). A subsequent committee amendment, however, rejected the references to concurrent jurisdiction and modification of the Major Crimes Act. We concluded, as did the *Youngbear* court, that deletion of this language clearly indicated Congress' intent to preserve exclusive federal jurisdiction over the major crimes and to give Kansas jurisdiction only over minor offenses. *State v. Mitchell*, 231 Kan. at 150. See also *Youngbear v. Brewer*, 415 F. Supp. at 813.

The State now urges us to reexamine *Mitchell* in light of the Federal District Court of Kansas decision in *Iowa Tribe of*

*Indians of Kansas and Nebraska v. State of Kansas,* No. 83-4304 (D. Kan. 1984).

In *Iowa Tribe,* the plaintiff sought a declaratory judgment that 18 U.S.C. § 3243 does not make Kansas gambling laws prohibiting the sale of "pull-tab cards" applicable to such activities on the Iowa Indian reservation. The State counterclaimed, seeking a declaration that 18 U.S.C. § 3243 grants jurisdiction over Indians for acts occurring on the reservation which are recognized as crimes under Kansas law. The federal district court concluded that 18 U.S.C. § 3243 confers complete (but not exclusive) criminal jurisdiction upon the State of Kansas. In reaching its decision, the district court considered additional relevant legislative history to 18 U.S.C. § 3243 not considered by this court in *Mitchell* or the federal district court in *Youngbear.*

Specifically, the court considered the report of E. K. Burlew, Acting Secretary of the Interior, to Representative Will Rogers, Chairman of the House Committee on Indian Affairs, and Senator Elmer Thomas, Chairman of the Senate Committee on Indian Affairs. This report consisted of a letter and memorandum discussing the purpose and effect of the proposed legislation.

As noted by the federal Court in *Iowa Tribe,* Burlew's letter indicates the purpose of the legislation was to allow Kansas courts to continue punishing offenses committed on Indian reservations, including offenses covered by federal statutes. The relevant portion of Burlew's letter follows:

"With the approbation of the tribes concerned, the State courts of Kansas have in the past undertaken the trial and punishment of offenses committed on these reservations, *including those covered by Federal statutes.* The legality of this practice being questioned recently, the tribal councils of the four Kansas tribes have recommended the enactment of legislation authorizing its continuance by a transfer of jurisdiction to the State." (Emphasis added.) H.R. Rep. No. 1999, 76th Cong., 3d Sess. 2 (1940); S. Rep. No. 1523, 76th Cong., 3d Sess. 2 (1940).

The Department of Interior memorandum accompanying Secretary Burlew's letter leaves little doubt that 18 U.S.C. § 3243 was intended to confer jurisdiction to Kansas over all criminal offenses, including those listed in 18 U.S.C. § 1153. The memorandum provides in pertinent part:

"*The proposed relinquishment of jurisdiction to the State of Kansas appropriately extends to those offenses which are provided for in existing Federal statutes as well as to those which are not.* The State courts have in the past exercised jurisdiction over offenses of both types to the general satisfaction of the

tribes; the Indians desire that they continue to do so; and a division of jurisdiction with respect to particular crimes based upon the place of their commission is rendered undesirable by the mutual interspersion of restricted and unrestricted holdings. The prosecution in the Federal courts of those offenses which are now open to such prosecution will not be precluded under the bill in any particular instance where this course may be deemed advisable." (Emphasis added.) H.R. Rep. No. 1999, at 5 and S. Rep. No. 1523, at 4.

Additionally, the memorandum clarifies the reason why the original version of the House and Senate bills, which contained a reference to the relinquishment of concurrent jurisdiction to Kansas, was later modified to delete that reference:

"[The House and Senate Bills did] not express with entire accuracy the legal situation as it now exists or as intended to be created. The bill proposes to 'relinquish concurrent jurisdiction' to the State of Kansas, intending thereby to give the State jurisdiction of all types of crimes, whether major or minor, defined by State law. However, the Federal Government has exercised jurisdiction only over major crimes. Therefore, strictly speaking, this is not a case of relinquishing to a State a jurisdiction concurrent with that of the United States, but a case of conferring upon the State *complete* criminal jurisdiction, retaining, however, jurisdiction in the Federal courts to prosecute crimes by or against Indians defined by Federal Law." (Emphasis added.) H.R. Rep. No. 1999, at 3 and S. Rep. No. 1523, at 2.

The *Iowa Tribe* case is now on appeal to the Tenth Circuit Court of Appeals. This pending appeal has no bearing on our consideration of this issue since the supremacy clause of the United States Constitution is invoked only by a decision of the United States Supreme Court.

However, we find Judge O'Connor's opinion in *Iowa Tribe* persuasive and conclude from the additional legislative history considered therein that Congress' intent in enacting 18 U.S.C. § 3243 was to grant the State of Kansas jurisdiction over all crimes committed by or against Indians on Indian reservations located in Kansas. The United States retains concurrent jurisdiction with Kansas over crimes listed in the Federal Major Crimes Act. 18 U.S.C. § 1153.

We hold that *State v. Mitchell*, 231 Kan. 144, 642 P.2d 981 (1982), is overruled and the judgments of the trial courts are reversed and the cases remanded for appropriate action.

SCHROEDER, C.J., dissenting.