**Emery L. NEGONSOTT, Petitioner,**

v.

**Harold SAMUELS, et al., Respondents.**

**Civ. A. No. 88–3049–S.**

United States District Court,
D. Kansas.

Sept. 22, 1988.

Pamela S. Thompson, Chamberlain, S.D., for petitioner.

John K. Bork, Asst. Atty. Gen., Topeka, Kan., for respondents.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate at the Kansas State Penitentiary, Lansing, Kansas, alleges that Kansas lacks jurisdiction over his criminal acts.

562

Petitioner is a Kickapoo Indian who was charged with aggravated battery for the shooting of another Kickapoo Indian within the territorial confines of the Kickapoo Indian Nation Reservation. Because the reservation is located within Brown County, Kansas, petitioner was tried before a jury in the district court of Brown County. Although the jury found petitioner guilty, the district court set aside the conviction for lack of jurisdiction. Upon appeal by the State, the Kansas Supreme Court upheld petitioner's conviction and held that Kansas had jurisdiction over all crimes committed by or against Indians on Indian reservations in Kansas. *State v. Nioce*, 239 Kan. 127, 716 P.2d 585 (1986).

## DISCUSSION

The only issue before this court is whether Kansas has jurisdiction over Indian offenses falling within the scope of the Federal Major Crimes Act. 18 U.S.C. § 1153. To decide this issue, the court must interpret federal statute 18 U.S.C. § 3243, which provides:

Jurisdiction is conferred on the State of Kansas over offenses committed by or against Indians on Indian reservations, including trust or restricted allotments, within the State of Kansas, to the same extent as its courts have jurisdiction over offenses committed elsewhere within the State in accordance with the laws of the State.

This section shall not deprive the courts of the United States of jurisdiction over offenses defined by the laws of the United States committed by or against Indians on Indian reservations.

The apparent ambiguity of the statute is created by the language of the second paragraph. Although the first paragraph appears to confer jurisdiction on the State of Kansas over all Indian offenses committed within the state, the second paragraph's reservation of federal jurisdiction makes the extent of this conveyance ambiguous.

Petitioner argues that 18 U.S.C. § 3243 provides for exclusive federal jurisdiction for crimes falling within the scope of the

Federal Major Crimes Act. 18 U.S.C. § 1153. Because aggravated battery is covered by the Federal Major Crimes Act, petitioner argues that Kansas lacks jurisdiction over his offense. In contrast, respondent argues that 18 U.S.C. § 3243 grants Kansas jurisdiction over all offenses committed by or against Indians on Indian reservations within the state.

This case is not the first time this court has been asked to interpret 18 U.S.C. § 3243. In *Iowa Tribe of Indians of Kansas and Nebraska v. State of Kansas*, No. 83–4304 (D.Kan. May 30, 1984) [available on WESTLAW, 1984 WL 2754], this court was faced with the issue of whether the State of Kansas had jurisdiction to prosecute members of the Iowa Tribe of Indians of Kansas and Nebraska for selling "pull-tab cards" in connection with bingo games conducted on the Tribe's reservation. Interpreting the statute in light of its legislative history, this court concluded that Kansas had jurisdiction over non-major state offenses committed by or against Indians on Indian reservations located in the state of Kansas. On appeal, the Tenth Circuit Court of Appeals affirmed this court's decision. *Iowa Tribe of Indians of Kansas and Nebraska v. State of Kansas*, 787 F.2d 1434 (10th Cir.1986). Because the sale of "pull-tab cards" did not fall within the scope of the Federal Major Crimes Act, neither this court nor the Tenth Circuit Court of Appeals reached the issue raised by this case.

Like the Kansas Supreme Court in *Nioce* and the Tenth Circuit Court of Appeals in *Iowa Tribes*, this court finds persuasive the legislative history of 18 U.S.C. § 3243. Of particular relevance is the report of E.K. Burlew, Acting Secretary of the Interior, to Representative Will Rogers, Chairman of the House Committee on Indian Affairs. This report, contained in House Report No. 1999, 76 Cong., 3rd Sess. (1940), consists of a letter and memorandum discussing the purpose and effect of the proposed legislation.

In his letter, Burlew explained the two main reasons for introducing the proposed legislation. First, Burlew noted that the federal criminal statutes applicable to Indian reservations were limited in scope and

left some major crimes as well as most minor offenses outside the jurisdiction of the federal courts. H.R.Rep. No. 1999, 76th Cong., 3rd Sess. 2 (1940). Second, Burlew explained that, because more than two-thirds of the area within the reservation boundaries had passed beyond federal criminal jurisdiction due to the issuance of unrestricted patents, administrative convenience necessitated extending jurisdiction to Kansas over criminal matters. *Id.*

Burlew further explained that the proposed legislation was a codification of the ongoing practice in Kansas:

> With the approbation of the tribes concerned, the State courts of Kansas have in the past undertaken the trial and punishment of offenses committed on these reservations, including those covered by Federal statutes. The legality of this practice being questioned recently, the tribal counsels of the four Kansas tribes have recommended the enactment of legislation authorizing its continuance by a transfer of jurisdiction to the State.

*Id.*

Later in his report, Burlew made it clear that the proposed legislation was intended to confer complete jurisdiction upon the State of Kansas, with the result that the Kansas courts and Federal courts would have concurrent jurisdiction over crimes falling within the scope of the Major Crimes Act:

> The bill proposes to "relinquish concurrent jurisdiction" to the State of Kansas, intending thereby to give the State jurisdiction of all types of crimes, whether major or minor, defined by State law. However, the Federal Government has exercised jurisdiction only over major crimes. Therefore, strictly speaking, this is not a case of relinquishing to a State a jurisdiction concurrent with that of the United States, but a case of conferring upon the State complete criminal jurisdiction, retaining, however, jurisdiction in Federal courts to prosecute crimes by or against Indians defined by Federal law.

*Id.*

That this was the purpose of the statute is further supported by the Department of Interior memorandum accompanying Burlew's letter:

> This proposed relinquishment of jurisdiction to the State of Kansas appropriately extends to those offenses which are provided for in existing Federal statutes as well as to those which are not. The State courts have in the past exercised jurisdiction over offenses of both types to the general satisfaction of the tribes; the Indians desire that they continue to do so; and a division of jurisdiction with respect to particular crimes based upon the place of their commission is rendered undesirable by the mutual interspersion of restricted and unrestricted holdings. The prosecution in the Federal courts of those offenses which are now open to such prosecution will not be precluded under the bill in any particular instance where this course may be deemed advisable.

*Id.* at 4.

Based upon the legislative history of the statute in question, the court concludes that Congress intended to grant the State of Kansas jurisdiction over all crimes committed by or against Indians on Indian reservations located in Kansas. The court also finds that the Kansas courts and the Federal courts have concurrent jurisdiction over crimes that fall within the scope of the Federal Crimes Act. 18 U.S.C. § 1153.

Having reached this conclusion, the court finds that the petition for writ of habeas corpus currently before the court must be dismissed. Pursuant to 18 U.S.C. § 3243, Kansas had jurisdiction over the aggravated battery committed by petitioner, notwithstanding the fact that the crime fell within the scope of the Federal Major Crimes Act. 18 U.S.C. § 1153.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus be dismissed and all relief denied.