No. 80,057

STATE OF KANSAS, *Appellee*, v. SHAWN WILLINGHAM, *Appellant*.
(967 P.2d 1079)

Opinion filed October 30, 1998.

*Joseph P. Leon,* assistant appellate defender, argued the cause, and *Jessica R. Kunen,* chief appellate defender, was with him on the brief for appellant.

*Jerome A. Gorman,* assistant district attorney, argued the cause, and *Nick Tomasic,* district attorney, and *Carla J. Stovall,* attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

DAVIS, J.: This is an appeal from the denial of a motion to file an appeal out of time following a hearing under the provisions of *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982). The trial court determined that the defendant, Shawn Willingham, waived his right to appeal. We reverse and remand with instructions that the defendant be allowed to file his notice of appeal out of time based on our conclusion that the record fails to support a waiver.

The defendant was charged with first-degree murder, attempted aggravated robbery, aggravated assault, and unlawful possession of a firearm in connection with the death of James Reynolds, and the

assault and attempted robbery of Tyrone Lewis. Counsel was appointed to represent the defendant. The defendant pled no contest to the charge of unlawful possession of a firearm and was convicted following a jury trial of unintentional second-degree murder. The defendant was sentenced on August 26, 1994. On May 20, 1996, the defendant filed a motion to file his appeal out of time on the basis that he had not been advised of his right to appeal and that trial counsel had failed to file an appeal on his behalf. The trial court conducted a hearing on the motion pursuant to *Ortiz.*

In the *Ortiz* hearing, the defendant was represented by newly appointed counsel. The defendant did not appear personally. His trial defense counsel was called as a witness. The evidence of a waiver presented at this hearing consisted primarily of the trial defense counsel's testimony involving his personal recollection that the defendant stated to him that he did not wish to appeal. This conversation took place at the conclusion of the defendant's motion for a new trial, which occurred 2½ months before sentence was imposed. The record does not support a conclusion that defense counsel advised the defendant of the time limits involved in an appeal. At this same hearing, the trial judge recalled that he had overheard a conference between trial defense counsel and the defendant following the motion for a trial, and that it also was his impression the defendant did not want to appeal.

In *Ortiz* we noted:

" 'This court has only such appellate jurisdiction as is provided by law. Jurisdiction to entertain an appeal is conferred by statute pursuant to article 3, § 3 of the Constitution of Kansas, and when the record discloses a lack of jurisdiction it is the duty of this court to dismiss the appeal.' " 230 Kan. at 735 (quoting *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 447 [1980]).

However, in *Ortiz*, we also recognized a limited exception to this general rule in those cases where a defendant either was not informed of his or her right to appeal, was not furnished an attorney to exercise those rights, or was furnished an attorney for that purpose who failed to perfect and complete an appeal. 230 Kan. at 736. We stated:

"Whether the defendant made a knowing and intelligent decision to forego an appeal is subjective in nature. The courts only can be expected and required to

show on the record that a defendant was advised of the right to appeal and that an attorney was or would have been appointed to assist the defendant in such an appeal." 230 Kan. at 736.

In this case, the record is clear that at the time of sentencing, the defendant was not advised either by the court or by trial defense counsel of his right to appeal. Both Kansas law and administrative regulations address the duties of the trial court and appointed counsel upon sentencing a criminal defendant. K.S.A. 22-3424(f) provides:

"After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal *in forma pauperis.*"

Additionally, K.A.R. 105-3-9(a)(3), concerning the duties of appointed trial counsel following sentencing, provides:

"(a) In order to protect a convicted defendant's right to appeal, it shall be the duty of each trial counsel to:

. . . .

"(3) file a notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed by the defendant."

In the case we now consider, the record demonstrates that no appeal was filed by counsel, nor was a written waiver obtained by counsel. Moreover, the record establishes that the court did not advise the defendant at the time of sentence concerning his right to appeal. However, the failure to comply with the provisions of the statute and the administrative regulation quoted above need not be fatal. In *State v. Mitchell,* 231 Kan. 144, 146-47, 642 P.2d 981 (1982), *overruled on other grounds, State v. Nioce,* 239 Kan. 127, 716 P.2d 585 (1986), we faced a similar situation in which a defendant claimed he had not been informed either by the court or by counsel of his right to appeal. We stated:

"While it is clear the defendant was not informed of his right to appeal by the judge, it is apparent from his actions that he knew something of his appeal right. The question for decision is whether, under the facts of this case, he knew enough. We find that he did not." 231 Kan. at 146.

We noted in *Mitchell*:

"The purpose of K.S.A. 22-3424(5) logically is the same as that of the federal rule [then Fed. R. Crim. Proc. 32(a)(2)]: '[T]o insure that all defendants who might wish to appeal are *fully* aware of their appeal rights.' (Emphasis added.) *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir. 1970). A full awareness of one's rights surely must include the knowledge that there is a time frame within which those rights must be exercised. From the record in this case, it is apparent the defendant did not have that knowledge. This court will consider the appeal out of time and reach the substantive issue raised. In doing so, we express no opinion whether the appeal would have been heard had the record revealed the attorney had made a *full* disclosure to the defendant of his appeal rights." 231 Kan. at 147.

It may be true that at his hearing on the motion for a new trial in May 1994, the defendant voiced to his counsel that he did not wish to appeal. Such a decision would certainly be understandable given the result of the trial, *viz,* the defendant was convicted of the lesser included offense of unintentional second-degree murder rather than first-degree murder with which he was charged. However, sentencing did not occur until August 1994, approximately 2½ months later. By statute, the defendant was entitled to be advised of his right to appeal by the district judge at the time of sentencing. K.S.A. 22-3424(f). No such advice was given by the court, and the limited advice given by counsel at the hearing on motion for new trial was not sufficient to establish a voluntary relinquishment of a known right or a waiver of the right to appeal.

Had counsel followed the provisions of K.A.R. 105-3-9, the posture of this case would be more in the nature of *Ortiz*, where the court denied the appeal based upon the defendant's written waiver of his right to appeal. 230 Kan. at 736. Had counsel testified that he fully advised his client of his right to appeal, including the time limits imposed by statute, or had there been a full discussion of the right with the defendant at time of sentencing, a finding of waiver by the trial court might have been appropriate. *State v. Mitchell*, 231 Kan. at 146-47. However, in this case, we must conclude, based on the record before us, that the defendant did not waive his right to appeal and that this case fits within the narrow

exceptional circumstances set forth in *Ortiz*. Thus, we reverse the decision of the district court and remand with instructions to allow the defendant to file his appeal out of time.

Reversed and remanded.