NOT DESIGNATED FOR PUBLICATION

No. 119,539

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TERRY GALE MCCORMICK,
*Appellant*.


MEMORANDUM OPINION

Appeal from Montgomery District Court; F. WILLIAM CULLINS, judge. Opinion filed January 21, 2020. Affirmed.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.


Before ATCHESON, P.J., MALONE, J., and DANIEL D. CREITZ, District Judge, assigned.


PER CURIAM: Defendant Terry Gale McCormick contends the Montgomery County District Court improperly denied his motion to file a late appeal in this criminal case. After conducting an evidentiary hearing, the district court applied the proper legal standards and made credibility determinations undercutting McCormick's claim that he eventually instructed his trial lawyer to pursue an appeal. Finding no error, we affirm.

We begin with some procedural history to place the appellate issue in context. The State charged McCormick in February 2016 with two counts of aggravated indecent

liberties with a child. Each count identified a different victim; the victims were sisters. Although the complaint alleged the crimes happened within the statute of limitations, it identified neither a particular date nor a general time period. The complaint went through several amendments as the case progressed. Other information in the record indicates the law enforcement investigation had begun in 2015, although the unlawful contact between McCormick and the victims had occurred years earlier when the girls would have been elementary schoolers.

Bryan Rickman, McCormick's appointed trial lawyer, filed several motions, including one challenging whether the crimes occurred within the limitations period. The district court denied that motion. Rickman and the prosecutor arrived at an agreement under which McCormick would plead no contest to the charges and each side would be free to argue for any lawful sentence. The agreement also called for McCormick to waive an appeal except as to the sentence. McCormick assented to that disposition. The district court accepted McCormick's no-contest pleas at a hearing in June 2017 and adjudged him guilty of the crimes. At the sentencing hearing on July 25, 2017, the district court denied McCormick's request for a downward departure sentence and imposed concurrent prison terms of 88 months and 59 months on the convictions, reflecting guidelines sentences.

In the last amended complaint, the crimes were charged as on-grid felonies. They were originally charged as off-grid Jessica's Law crimes. The record suggests the victims interacted with McCormick, who was a relative of theirs, over a number of years at various family gatherings and during the summer months. Because of the lapse of time, the victims could place the sexually abusive incidents no more precisely than in a two-year window that probably, although not conclusively, preceded the enactment of Jessica's Law. See K.S.A. 2018 Supp. 21-6627 (aggravated indecent liberties with a child, among other designated sex offenses committed after July 1, 2006, considered off-grid felony carrying life sentence with parole eligibility only after serving at least 25 years in prison).

2

The day after the sentencing McCormick sent a letter to Rickman stating that he wanted to appeal the statute of limitations issue. Rickman met with McCormick on August 3 at the Montgomery County jail, where McCormick had been held since his arrest. Rickman then sent a letter to McCormick the same day confirming that based on their discussion McCormick decided against appealing. In the first paragraph of the letter Rickman stated: "[A]fter visiting with you today, it is my understanding that you no longer wish for me to file an appeal."

McCormick drafted his own notice of appeal and filed it on December 27, 2017. The notice, which appears to challenge the district court's sentence, is plainly untimely. See K.S.A. 2018 Supp. 22-3608(c) (defendant has 14 days to initiate appeal after entry of district court judgment). This court remanded the case to the district court about six months later to determine whether McCormick should be permitted to pursue his late appeal—a proceeding commonly known as an *Ortiz* hearing. See *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). The district court appointed another lawyer to represent McCormick for the hearing.

In the meantime, McCormick drafted and filed several motions in the district court, including one to withdraw his pleas. The record indicates the district court denied McCormick's motion to withdraw his pleas, but the status of the other motions is less clear. We can say that the status or disposition of those motions is not before us in this appeal.

At the *Ortiz* hearing in September 2018, Rickman and McCormick testified, and the district court received various documents, including the letters exchanged between Rickman and McCormick immediately after the sentencing. McCormick told the district court that he sent the letter to Rickman because he wanted to appeal. He acknowledged meeting with Rickman but maintained that after the meeting he believed Rickman would

3

file an appeal. Rickman testified in conformity with what was contained in his confirming letter to McCormick: The two met in the jail; and McCormick agreed he did not want to pursue an appeal. Conspicuously missing in the evidence is any written objection from McCormick to Rickman's letter or some further request for or inquiry about an appeal. The district court filed a journal entry denying McCormick's motion to pursue a late appeal. In reaching that conclusion, the district court expressly found Rickman's testimony credible and McCormick's not. McCormick has appealed the ruling denying him an out-of-time appeal.

The timely filing of a notice of appeal is a jurisdictional predicate for appellate review of an adverse district court judgment. See *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016). In *Ortiz*, the Kansas Supreme Court recognized exceptions to the timeliness requirement when a criminal defendant's ability to appeal has been inhibited in any of three specific ways. *Ortiz*, 230 Kan. 733, Syl. ¶ 3. The court recently restated the *Ortiz* exceptions:

> "'The *Ortiz* exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal. [Citations omitted.]'" *Shelly*, 303 Kan. at 1036 (quoting *Albright v. State,* 292 Kan. 193, 198, 251 P.3d 52 [2011]).

Here, nobody disputes the district court informed McCormick of his right to appeal or that Rickman was obligated to file a notice of appeal if McCormick asked him to do so. McCormick's claim, therefore, rises or falls on the third exception—whether Rickman failed to file an appeal, contrary to a request from McCormick.

Not to put too fine a point on it, the district court's credibility findings coupled with Rickman's letter to McCormick legally devastate a claim for relief under the third

4

*Ortiz* exception. Based on that evidence, McCormick told Rickman he had changed his mind and did not wish to appeal. Rickman confirmed McCormick's position in writing and, in conformity with the confirmation, did not file a notice of appeal. McCormick didn't attempt to correct Rickman's August 3 letter, presumably because it accurately recited their understanding that no appeal would be filed. Even if McCormick thought Rickman were initiating an appeal (contrary to the district court's findings), we would expect some communication with Rickman about the status of the appeal. Instead, the record shows McCormick simply filed his own notice four months later, an action fully consistent with an understanding that Rickman would not be initiating an appeal. Given those facts—and we must accept Rickman's account consistent with the district court's credibility findings—McCormick does not fit within any of the exceptions that would allow his otherwise untimely appeal in this case. See *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 238, 305 P.3d 729 (2013) (noting deference due on appeal to district court's credibility determinations and resolutions of conflicting evidence).

On appeal, McCormick tries to deflect that virtually ineluctable conclusion by citing K.A.R. 105-3-9(a)(3) that requires appointed lawyers, such as Rickman, to obtain signed waivers of appeal from their clients. We consider the point, even though McCormick did not mention, let alone rely on, the regulation at the *Ortiz* hearing. We presume there was no written waiver, since such a document would have been an obvious exhibit for the State to produce at the hearing.

But the appellate courts have held that a lawyer's failure to obtain a written waiver of appeal despite the requirement in K.A.R. 105-3-9(a)(3) is not itself a sufficient legal basis to satisfy one of the *Ortiz* exceptions or to otherwise allow a defendant's untimely appeal. *State v. Northern*, 304 Kan. 860, 865, 375 P.3d 363 (2016); *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998); *State v. Stieb*, No. 116,836, 2018 WL 3797168, at *3 (Kan. App. 2018) (unpublished opinion). The absence of a signed waiver may be

5

considered as evidence in an *Ortiz* hearing. See *State v. Harp*, 283 Kan. 740, 747-48, 156 P.3d 1268 (2007) (absence of waiver circumstantial evidence defendant had not been informed of right to appeal). Given the district court's findings, the lack of a signed waiver from McCormick does not cause us to step back and question the legal or factual underpinnings of its denial of the untimely appeal.

Affirmed.