NOT DESIGNATED FOR PUBLICATION

No. 121,188

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RYAN GOSLING,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed February 28, 2020. Affirmed.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Daniel G. Obermeier*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM: Ryan Gosling appeals the district court's decision denying his request to file a late appeal under the third exception set out in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). The record shows Gosling was informed at sentencing he had the right to appeal within 14 days and he told his trial attorney on the day of sentencing after the hearing was concluded not to file an appeal for him. We agree he has failed to show the third *Ortiz* exception applies to allow him to appeal out of time. We affirm.

1

Gosling was charged with aggravated indecent liberties with a child, aggravated criminal sodomy, and lewd and lascivious behavior. At the end of his preliminary hearing he was bound over for trial.

Prior to trial, the parties informed the district court they had reached a plea agreement. Under the agreement, Gosling would plead no contest to all three counts as charged. In exchange, the parties agreed to recommend at sentencing the charge of aggravated indecent liberties with a child and aggravated criminal sodomy would run concurrently with each other and concurrent with the charge of lewd and lascivious behavior. The agreement further provided for a joint request for a downward durational departure from off-grid felonies to on-grid felonies with a sentencing ranging between 82 and 120 months' imprisonment for the primary crime.

Before sentencing, Gosling moved to withdraw his no-contest pleas. After an evidentiary hearing, the district court denied Gosling's motion and sentenced him in line with the parties' plea agreement. For aggravated criminal sodomy, the court sentenced Gosling to 82 months' imprisonment with concurrent sentences of 59 months' imprisonment for aggravated indecent liberties with a child and 6 months' imprisonment for lewd and lascivious behavior. Gosling's plea and sentencing attorney was Joshua Allen. At the end of the sentencing hearing, the following exchange took place:

> "THE COURT: . . . You do have the right to appeal my rulings, including my ruling today with regard to your . . . motion to withdraw the court's plea.
> "If you're going to do that, Mr. Gosling, you have fourteen days from today's date to file your notice of appeal. If you want to do that, you need to file it or have Mr. Allen file it on your behalf.

"If you decide to appeal the Court's rulings, then get your appeal on file and the Court will appoint an attorney to assist you with that appeal if you cannot afford one. Do you understand that?

"THE DEFENDANT: Yes."

Over two years later, on February 27, 2019, Gosling filed a pro se notice of appeal. Gosling later amended his appeal and specified he was appealing the district court's denial of his motion to withdraw his no-contest pleas.

Upon Gosling's request, another panel of this court remanded the case to the district court for a hearing to determine whether he could establish one of the grounds justifying a late appeal under *Ortiz*. He focused on the third *Ortiz* exception, which permits an untimely appeal when an indigent defendant's attorney failed to perfect and complete an appeal. 230 Kan. at 735-36. Upon ordering the remand for an *Ortiz* hearing, this court retained jurisdiction over the appeal.

Both Gosling and Allen testified at the *Ortiz* hearing. The parties agreed only the third *Ortiz* exception was at issue. Gosling said on the day of sentencing he "didn't get a chance to tell [Allen] [he] wanted to appeal." But on redirect, Gosling testified he asked Allen to file a notice of appeal in the courtroom on the day of sentencing. He estimated within a few days after he was sentenced he called Allen three times and left one voicemail. According to Gosling, Allen never returned his calls, nor did Allen visit him in jail after he was sentenced.

Gosling recalled the district court explaining to him he had 14 days from the sentencing date to appeal. When asked why he waited so long to file a notice of appeal when he remembered the district court explaining the 14-day deadline, Gosling responded he "was working on it at the law library." He further explained an inmate at Lansing Correctional Facility told him how to file a notice of appeal.

3

Allen's testimony controverted Gosling's testimony that he timely requested to appeal. Allen said at the end of the sentencing hearing he had discussed with Gosling his right to appeal. According to Allen, Gosling specifically told him he did not want to appeal. Allen said after their conversation he "wished [Gosling] luck and that was it." He could not remember whether Gosling left him a voicemail after sentencing. But on cross-examination, he clarified if Gosling did leave him a voicemail, he would have responded.

Allen also testified before sentencing he had discussed with Gosling the risk of the original charges being reinstated if they successfully appealed the denial of the motion to withdraw his no-contest pleas. He said, "[T]he thought was that if the motion to withdraw plea[s] was denied and we proceeded, that we were not going to appeal because of . . . [the] potential exposure." Allen testified Gosling "has some challenges in affect and a way about him" but he "never had any problem communicating" with him.

At the end of the *Ortiz* hearing, the district court took the matter under advisement; it later issued the following ruling in open court:

> "Based on the findings in this case, the Court must decide, one, as the defendant testified, that he told his attorney Mr. Allen that he wanted to appeal after sentencing, and Mr. Allen never filed that notice [and] has never perfected that appeal; or Mr. Allen testified that he consulted with the defendant after sentencing, explained his right to appeal, and that the defendant after that consultation did not want to appeal because of the risk of losing the benefit of his plea and sentence.
>
> "Based on this Court's observations and the file, this Court finds Mr. Allen's testimony to be more credible on the issue."

Based on its credibility determination, the district court made the following findings of fact: (1) Allen discussed with Gosling at the end of the sentencing hearing whether he wanted to appeal; (2) Gosling told Allen he did not want Allen to file an appeal for him; (3) Gosling did not want to appeal and potentially lose the benefits of the

4

plea arrangement; and (4) Allen did not file an appeal based on his discussion with Gosling. The district court concluded none of the *Ortiz* exceptions applied.

ANALYSIS

On appeal, Gosling argues the district court erred when it found the third *Ortiz* exception did not apply to him. This court reviews the facts underlying a district court's *Ortiz*-exception ruling for substantial competent evidence and reviews the district court's ultimate legal determination derived from those facts de novo. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Doelz*, 309 Kan. 133, 138, 432 P.3d 669 (2019).

The filing of a timely notice of appeal is jurisdictional. Generally, in a criminal case, if a party does not appeal within the 14-day period fixed by statute, jurisdiction is lost and the appeal must be dismissed as a matter of law. See K.S.A. 2019 Supp. 22-3608(c). In *Ortiz*, the Kansas Supreme Court set out three limited exceptions to this jurisdictional requirement in which an indigent defendant was either:  (1) not informed of the right to appeal; (2) not furnished an attorney to perfect an appeal; or (3) furnished an attorney for that purpose who failed to perfect and complete an appeal. 230 Kan. at 735-36. If any of these narrow exceptional circumstances are met, this court must allow an appeal out of time. *State v. Phinney*, 280 Kan. 394, 405, 122 P.3d 356 (2005).

Here, Gosling limits his argument to the third *Ortiz* exception. He claims the third *Ortiz* exception applies to him because Allen had a duty under K.A.R. 105-3-9(a)(3) to either file a timely notice of appeal or to obtain a signed waiver from him. K.A.R. 105-3-9(a)(3) states:  "[i]n order to protect a convicted defendant's right to appeal, it shall be the duty of each trial counsel to . . . file a notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed by the defendant." But as the State points out, our

5

precedent holds trial counsel's failure to follow through with K.A.R. 105-3-9(a)(3) is not dispositive to the *Ortiz* analysis.

Even if this court were to assume, as Gosling claims, Allen failed to follow the regulation, in *Phinney*, the Kansas Supreme Court held trial counsel's direct testimony that he advised the defendant of his appeal rights was sufficient to take the place of K.A.R. 105-3-9 evidence. 280 Kan. at 405; see *State v. Northern*, 304 Kan. 860, 865, 375 P.3d 363 (2016). Trial counsel's failure to abide by the regulation "need not be fatal" where it is clear from the record the defendant was fully aware of his or her appeal rights. *State v. Willingham*, 266 Kan. 98, 100-01, 967 P.2d 1079 (1998); see also *Northern*, 304 Kan. at 865 (finding although trial counsel did not obtain a signed waiver under the regulation, the record demonstrated the defendant was informed of his right to appeal and that he failed to ask his attorney for an appeal).

Like in *Phinney*, Allen's testimony at the *Ortiz* hearing took the place of K.A.R. 105-3-9 evidence. Allen testified he discussed with Gosling his right to appeal immediately after sentencing and Gosling told Allen he did not want to appeal. Although Gosling and Allen provided conflicting testimony on whether Gosling did or did not ask Allen to file an appeal at that time, the district court resolved this evidentiary conflict against Gosling. This court does not reweigh evidence, pass on the credibility of witnesses, or resolve conflicts in the evidence. See *State v. Chandler*, 307 Kan. 657, 668, 414 P.3d 713 (2018). We must accept the district court's finding that Gosling did not ask Allen to file an appeal on his behalf after being told by Gosling he did not want to appeal and potentially lose the benefits of the plea and sentence.

Gosling concedes trial counsel's mere failure to obtain a written waiver under K.A.R. 105-3-9 is not enough to satisfy the third *Ortiz* exception. That said, he still asks this court to find the district court erred based on our Supreme Court's reasoning in *Willingham*. But the facts here are distinguishable from *Willingham*. The record in

*Willingham* established at the time of sentencing neither the district court nor defense counsel advised Willingham of his right to appeal. The court found based on the record Willingham "did not waive his right to appeal and that this case fits within the narrow exceptional circumstances set forth in *Ortiz*." 266 Kan. at 101-02. Here, Gosling was told by both the district court and Allen of his right to appeal.

The overall thrust of Gosling's argument is Allen's testimony at the *Ortiz* hearing could not take the place of K.A.R. 105-3-9 evidence because Gosling has an intellectual disability. According to Gosling, given his limited mental capacity, Allen "had a duty to do *more* in this case" and obtain a written waiver. But the effect of Gosling's argument would expand the third *Ortiz* exception beyond what the court articulated in *Phinney*. In *State v. Patton*, 287 Kan. 200, 217, 219-25, 195 P.3d 753 (2008), our Supreme Court emphasized the *Ortiz* exceptions must be applied only in the "three narrowly defined, truly exceptional circumstances . . . . [T]he general rule remains that timely filing a notice of appeal is indispensable and jurisdictional."

Accordingly, this court finds substantial competent evidence supports the district court's decision that Gosling failed to establish the third *Ortiz* exception provided him relief to allow the filing of his appeal out of time.

Affirmed.