(152 P.3d 1262)
No. 96,405

STATE OF KANSAS, *Appellee*, v. ANTONE J. SCOVILLE, *Appellant*.

Opinion filed March 9, 2007.

*Michelle Davis*, of Kansas Appellate Defender Office, for appellant.

*Daryl E. Hawkins*, assistant county attorney, and *Phill Kline*, attorney general, for appellee.

Before MALONE, P.J., BUSER, J., and LARSON, S.J.

LARSON, J.: Antone John Scoville appeals the trial court's denial of his motion to file a direct appeal out of time, arguing the court erred in finding that no *Ortiz* exception applied to excuse his failure to file an appeal within the statutory time allowed. See *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). We hold the trial court did not err in its *Ortiz* determination and, accordingly, affirm.

The record in this case reflects that in May 2003, Scoville entered a plea of no contest to one count of manufacture of methamphetamine, a drug severity level 1 felony pursuant to K.S.A. 65-4159, in exchange for the State's agreement to dismiss the six remaining charges against him, not to file any additional charges, and to recommend a downward durational departure of 139 months' imprisonment. Neither Scoville's plea agreement or written waiver of rights addressed Scoville's right to appeal his sentence. Scoville filed a downward durational departure request seeking a 60-month sentence. On June 4, 2003, the trial court imposed a downward durational departure sentence of 120 months' imprisonment.

Scoville did not file a direct appeal of his conviction or sentence. But, in February 2004, he filed a K.S.A. 22-3504 motion to correct an illegal sentence in which he claimed the trial court should have sentenced him for a drug severity level 3 felony pursuant to *State v. McAdam,* 277 Kan. 136, 83 P.3d 161 (2004). Following a non-evidentiary hearing, the trial court denied Scoville's motion. A panel of this court affirmed the trial court's decision. *State v. Scoville,* No. 92,829, unpublished opinion filed June 24, 2005, *rev. denied* 280 Kan. 990 (2005).

Subsequently on November 30, 2005, Scoville filed a motion requesting the right to file a direct appeal out of time, alleging he was never informed of his statutory right to appeal within 10 days of his sentence. See K.S.A. 22-3608(c) (stating a defendant shall have 10 days after the judgment of the district court to appeal).

The trial court conducted a hearing on Scoville's motion. During the hearing, Scoville's trial counsel testified that although his standard practice while reviewing plea agreements with clients was to inform clients that they had a right to appeal their sentence if the judge did something unlawful, he did not have a distinct recollection of whether he told Scoville that he had 10 days to file an appeal. Trial counsel did, however, recall that he and Scoville discussed immediately after sentencing whether Scoville should appeal. Trial counsel testified that Scoville did not ask him to file an appeal. Trial counsel did not believe at that time Scoville had an appealable issue since he had received a downward departure sentence and a favorable plea bargain.

Scoville testified he did not recall his trial counsel having informed him of his appeal rights. Scoville specifically denied that his trial counsel even mentioned appeal rights during their conversation following the sentencing hearing. Although Scoville testified he did not recall the trial court informing him of his right to appeal at either the plea or sentencing hearing, he conceded the sentencing hearing transcript confirmed the court, did indeed, inform him that he "may be able to appeal any decision" the court made that day.

The trial court found Scoville was apprised of his right to appeal at both the plea and sentencing hearings. Further, the court found

Scoville and his counsel discussed Scoville's appeal rights after the sentencing and that Scoville did not direct his counsel to file an appeal of his sentence. The trial court found the *Ortiz* exceptions did not apply to Scoville's circumstances and denied Scoville's motion. Scoville timely appeals this decision.

In Kansas, the right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004).

However, an exception is made to the general rule requiring a timely notice of appeal when an indigent defendant (1) was not informed of his or her right to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. 733, Syl. ¶ 3. If these circumstances are met, an out-of-time appeal must be allowed. *State v. Phinney*, 280 Kan. 394, 401-02, 122 P.3d 356 (2005).

On appeal, we review the factual findings underlying a trial court's *Ortiz* ruling for substantial competent evidence, but we apply a de novo standard when reviewing the ultimate legal determination of whether those facts fit an *Ortiz* exception. See 280 Kan. at 404.

A review of the record reveals substantial evidence that Scoville was informed of his appeal rights and did not wish to appeal. Specifically, the transcript of the sentencing hearing reveals the trial court informed Scoville that he "may have [the] right to appeal from any rulings or decisions that [the court] made." Further, notwithstanding Scoville's testimony to the contrary, substantial competent evidence was presented through trial counsel's testimony that Scoville and counsel did discuss appeal rights immediately following the sentencing hearing. We are not in a position to reweigh the evidence or pass on the credibility of the witnesses. See *State v. Hayden*, 281 Kan. 112, 132, 130 P.3d 24 (2006). Importantly, Scoville does not dispute that he did not ask trial counsel to file an appeal.

Citing *State v. Willingham*, 266 Kan. 98, Syl. ¶ 3, 967 P.2d 1079 (1998), for support, Scoville argues that a full awareness of appeal rights necessarily includes knowledge of any applicable time frame within which such rights must be exercised. *Willingham* so stated but further held: "Where it can be shown that the defendant was fully aware of his or her right to appeal, or was fully advised of his or her right to appeal by counsel at the time of sentencing, a waiver of that right may be established." 266 Kan. 98, Syl. ¶ 2.

*Willingham* is clearly factually distinguishable with regard to the amount of information provided to the defendant. In our case, although there was no evidence that Scoville definitely was informed of the time limitation attendant to his right to appeal, there was substantial competent evidence demonstrating that he knew of his appeal rights. Information relating to appeal rights was shown to have been stated to Scoville by the trial court as shown by the transcript of the sentencing hearing. Trial counsel testified that the right to appeal was discussed after the sentencing hearing. Armed with knowledge of these rights, Scoville chose not to appeal. By contrast, the only evidence in *Willingham* that the defendant waived his right to appeal consisted of defense counsel's recollection that defendant had told him months prior to sentencing that he did not wish to appeal. 266 Kan. at 99. In *Willingham*, the record was clear that at the time of sentencing, the defendant was not advised either by the court or by trial counsel of his right to appeal. 266 Kan. at 100. *Willingham* is not violated by the trial court's ruling in our case.

Finally, Scoville's appellate counsel suggests the trial court's detailed explanation of Scoville's right to appeal its decision on his motion to file an appeal out of time somehow undermines the court's ruling thereon. We do not agree; the court's recitation of Scoville's appeal rights following the denial of his motion in no way implicates the validity of the court's ruling on the motion.

We have fully reviewed the record. We hold there is substantial competent evidence to support the trial court's determination that none of the three *Ortiz* exceptions apply to allow Scoville to file a direct appeal out of time. We have further reviewed the district court's decision by a de novo standard of review and affirm its

ruling that none of the three *Ortiz* exceptions exist to excuse Scoville's failure to file a timely notice of appeal of his sentencing.

In light of these conclusions, we need not address the merits of Scoville's challenge to the trial court's utilization of drug severity level 1 penalties when imposing his sentence.

Affirmed.