No. 96,405

STATE OF KANSAS, *Appellee*, v. ANTONE J. SCOVILLE, *Appellant*.

(188 P.3d 959)

Opinion filed August 1, 2008.

*Michelle A. Davis*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellant.

*Daryl E. Hawkins*, assistant county attorney, argued the cause, and *Phill Kline*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Antone J. Scoville appeals out of time from his sentence of 120 months' imprisonment for his 2003 conviction of manufacture of methamphetamine, arguing that his untimely appeal should be heard due to an exception under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and that he is entitled to resentencing under *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 (2004).

The untimely appeal arises from a sentence imposed after Scoville entered a plea of no contest to one count of manufacture of methamphetamine, a severity level 1 drug felony. K.S.A. 65-4159(a). On June 4, 2003, the sentencing judge imposed a downward durational departure sentence of 120 months' imprisonment.

Scoville did not file a direct appeal from his sentence even though the Court of Appeals had decided *State v. McAdam*, 31 Kan. App. 2d 436, 66 P.2d 252 (2003), on April 11, 2003, and a

petition for review of that decision was pending before this court McAdam had raised an issue of whether a defendant, such as Scoville, who was convicted under K.S.A. 65-4159(a) and sentenced for a severity level 1 drug felony should have been sentenced to a severity level 3 drug felony because of application of the identical offense sentencing doctrine.

On July 9, 2003, this court granted the petition for review in *McAdam* and issued a decision on January 30, 2004. In *McAdam*, 277 Kan. 136, this court held that the offense of manufacturing methamphetamine under K.S.A. 65-4159(a), a severity level 1 drug felony, is identical to the offense of compounding methamphetamine under K.S.A. 65-4161(a), a severity level 3 drug felony. Accordingly, by application of the identical offense sentencing doctrine, the defendant could be sentenced only under the lesser penalty provision. This court vacated McAdam's sentence for violation of K.S.A. 65-4159(a) and remanded the case, directing the sentencing judge to resentence McAdam as though he had been convicted of a severity level 3 drug felony for violation of K.S.A. 65-4161(a).

On February 6, 2004—1 week after the *McAdam* decision—Scoville filed a pro se motion to correct an illegal sentence. Scoville sought the same relief as given to McAdam but did so through a motion to correct an illegal sentence rather than a direct appeal. The district court, after conducting a nonevidentiary hearing on Scoville's motion, concluded this procedural distinction doomed Scoville's motion. The court noted Scoville's motion to correct an illegal sentence impermissibly "seeks to collaterally attack his sentence" and pointed out that *McAdam* does not apply retroactively. In addition, the district court found that Scoville had "entered a favorable plea agreement," in which he "received a substantial benefit of the bargain," and had failed to appeal from the sentence.

The Court of Appeals affirmed in *State v. Scoville*, No. 92,829, unpublished opinion filed June 24, 2005, *rev. denied* 280 Kan. 990 (2005). Accord *State v. Harp*, 283 Kan. 740, Syl. ¶ 2, 156 P.3d 1268 (2007) (sentence imposed for crime which has identical or overlapping elements with crime of less severe penalty not "illegal" as that term is used in K.S.A. 22-3504; *Bryant v. State*, 280 Kan.

2, Syl. ¶ 3, 118 P.3d 685 (2005) (invocation of *McAdam* will be unsuccessful if defendant pled guilty and no direct appeal was taken and invocation occurs for first time on collateral attack); *State v. McCoin*, 278 Kan. 465, 467-68, 101 P.3d 1204 (2004) (sentence in violation of *McAdam* not "illegal" and thus not candidate for modification under K.S.A. 22-3504).

Then, on November 30, 2005, Scoville filed a pro se motion in which he asked the district court to allow him to seek *McAdam* relief by filing a direct appeal out of time. Scoville argued he had not been fully informed of his appeal rights because he was unaware of the time limit for filing an appeal. In making this argument, Scoville relied upon *Ortiz*, which recognized limited exceptions to the general rule requiring a timely appeal from sentencing, *i.e.*, an appeal within 10 days of the sentencing. See K.S.A. 22-3608(c) (stating time limit as jurisdictional requirement); see *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005) (discussing rules regarding and grounds for appellate jurisdiction of appeals from sentences and motions to correct illegal sentences).

To support his argument, Scoville pointed to transcripts of the plea and sentencing hearings. Although the transcripts reveal that the judge mentioned the right to appeal during both hearings, the judge did not inform Scoville of the 10-day time limit for filing an appeal during either hearing. At the plea hearing, the judge reviewed the written plea agreement with Scoville. The agreement included Scoville's waiver of his right "to appeal [his] conviction to a higher court." The waiver did not include the right to appeal a sentence—the appeal Scoville brings before this court. At the sentencing hearing, the judge merely informed Scoville: "You *may* have [the] right to appeal from any rulings or decisions that [the court] made here today." (Emphasis added.)

In addition, during the evidentiary hearing on the *Ortiz* motion, defense counsel testified that, although his standard practice while reviewing plea agreements with clients was to inform them that they had a right to appeal their sentence if the judge did something unlawful, counsel did not recall telling Scoville about the 10-day time limit for filing appeals. Defense counsel testified, however, that he remembered discussing with Scoville immediately after

sentencing whether he had any appealable issues, and he did not believe Scoville had any appealable issues because of the downward departure sentence and favorable plea agreement. He further testified that Scoville did not ask him to file an appeal.

The other evidence at the hearing consisted of Scoville's testimony. He testified that he did not remember being informed of his appeal rights by defense counsel, and, as for his conversation with defense counsel after sentencing, Scoville denied counsel's mentioning any appeal rights at that time. Although he did not recall whether the judge had informed him of his right to appeal at either the plea or sentencing hearing, Scoville conceded that the sentencing transcript confirmed the sentencing judge stated he "may have" the right to appeal any decision made by the judge that day.

After hearing this evidence, the district court denied Scoville's motion to file an appeal out of time, determining that Scoville was apprised of his right to appeal in his plea agreement and at the plea and sentencing hearings. The court also found that Scoville and defense counsel discussed his appeal rights after the sentencing hearing and, nevertheless, Scoville did not direct counsel to file an appeal. In light of its findings, the court concluded that no *Ortiz* exceptions applied.

The Court of Appeals affirmed. In so holding, the panel declined to address the merits of Scoville's sentencing challenge. *State v. Scoville*, 37 Kan. App. 2d 341, 345, 152 P.3d 1262 (2007).

Scoville then petitioned for this court's review, and his petition was granted. See K.S.A. 60-2101(b); K.S.A. 20-3018(b). In Scoville's petition for review, he contends the Court of Appeals' decision to affirm the district court's denial of his out-of-time appeal conflicts with other Kansas cases providing that a full awareness of appellate rights necessarily includes knowledge of the procedural time constraints for filing an appeal, which are jurisdictional.

*Standard of Review*

The issue of appellate jurisdiction is one of law over which this court has unlimited review. *Harp*, 283 Kan. at 744; *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003). The right to appeal is purely

statutory, and an appellate court has a duty to question jurisdiction on its own initiative. If the record reveals that jurisdiction does not exist, the appeal must be dismissed. *State v. Wendler*, 280 Kan. 753, Syl. ¶ 1, 126 P.3d 1124 (2006); *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001).

The facts underlying a district court's *Ortiz* exception ruling are examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception is reviewed under a de novo standard. *Phinney*, 280 Kan. at 404.

### Ortiz and Willingham

In *Ortiz*, this court held that an untimely appeal will be allowed only in those cases where an indigent defendant was either: (1) not informed of his or her appellate rights; (2) not furnished with an attorney to perfect an appeal; or (3) furnished with an attorney for that purpose who failed to perfect and complete an appeal. 230 Kan. at 735-36. If any of these narrow exceptional circumstances are met, a court must permit an appeal out of time. See *State v. Willingham*, 266 Kan. 98, 99-102, 967 P.2d 1079 (1998). Scoville asserted the first *Ortiz* exception applied because he had not been informed of his appellate rights.

The first *Ortiz* exception—*i.e.,* a defendant is not informed of his or her appellate rights—was more thoroughly discussed in *Willingham*, 266 Kan. at 99-102. In that case, this court reviewed a claim by the defendant that he should be allowed to file an appeal out of time because the sentencing judge had failed to notify him of his right to appeal under K.S.A. 22-3424(f). That statute provides: "After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of the defendant's right to appeal and of the right of a person who is unable to pay the costs of an appeal to appeal *in forma pauperis*." *Willingham* noted that " '[t]he purpose of K.S.A. 22-3424[f] logically is the same as that of the federal rule [then Fed. R. Crim. Proc. 32(a)(2)]: "[T]o insure that all defendants who might wish to appeal are *fully* aware of their appeal rights." (Emphasis added.) *United States v. Benthien*, 434 F.2d 1031, 1032 (1st Cir. 1970).' "

266 Kan. at 101 (quoting *State v. Mitchell*, 231 Kan. 144, 147, 642 P.2d 981 [1982], *overruled on other grounds State v. Nioce*, 239 Kan. 127, 716 P.2d 585 [1986]). The court specifically held that a "full awareness of appeal rights necessarily includes the knowledge that there is a time frame within which these rights must be exercised." *Willingham*, 266 Kan. 98, Syl. ¶ 3.

The *Willingham* court determined there was no evidence the defendant was advised of his right to appeal at sentencing, either by the sentencing judge or trial counsel, and counsel had failed to obtain a written waiver of appeal under Kansas Administrative Regulation (K.A.R.) 105-3-9(a)(3) (duty of counsel to file timely notice of appeal unless obtains waiver of right to appeal signed by defendant). Accordingly, this court held that *Ortiz* applied, and the defendant was allowed to file a direct appeal out of time. 266 Kan. at 100-02.

## Application of Willingham

Although the rationale of *Willingham* is based largely upon K.S.A. 22-3424(f), which applies to sentencing after a trial, this court has consistently stated that a defendant who benefitted from a favorable plea may claim an *Ortiz* exception when seeking to file an appeal of his or her sentence out of time. See, *e.g.*, *Phinney*, 280 Kan. at 402; *State v. Redmon*, 255 Kan. 220, 222-23, 873 P.2d 1350 (1994). In *Phinney*, this court explained the rationale should be extended because "fundamental fairness requires *all* defendants to be advised of their rights to appeal." 280 Kan. at 402; see also *Kargus v. State*, 284 Kan. 908, 921-24, 169 P.3d 307 (2007) (discussing cases). Under these cases, sentencing issues may be raised in an untimely appeal if an *Ortiz* exception applies and the right to appeal has not been waived in a plea agreement or otherwise.

As a result of this line of cases, the question before us is whether there is substantial competent evidence to support the district court's conclusion that Scoville was fully informed of his appellate rights, including the time frame in which those rights must be exercised. See, *e.g.*, *Mitchell*, 231 Kan. at 147 ("A full awareness of one's rights surely must include the knowledge that there is a time frame within which those rights must be exercised.").

The same issue was recently addressed in a case strikingly similar to the case at hand—*Harp*, 283 Kan. 740. As here, the defendant filed a pro se motion to correct an illegal sentence, arguing that he should be resentenced under *McAdam*. This court held that relief was not available under K.S.A. 22-3504 because Harp's sentence was not "illegal." 283 Kan. at 744. Regardless, we considered Harp's case as a direct appeal under *Ortiz*. Because he was not fully advised of his right to appeal, an *Ortiz* exception had been met.

In describing the circumstances, this court observed that Harp admitted having a general awareness of the right to appeal. At an *Ortiz* hearing, however, Harp testified and indicated that at his 2002 sentencing defense counsel did not advise him of his right to appeal the sentence within 10 days. Harp further indicated that, had he been apprised of the possibility of a shortened sentence under the identical offense sentencing doctrine, he would have instructed defense counsel to appeal. Harp "denied being informed of his appellate remedies, the steps necessary to implement an appeal, or the possibility of an appeal on the identical offense doctrine." 283 Kan. at 747. There was no indication that a written waiver of Harp's right to appeal was obtained pursuant to K.A.R. 105-3-9, and Harp's testimony indicated that defense counsel did not present such a document to him in 2002.

We also pointed out that the sentencing judge failed to "advise Harp of his right to appeal or its attendant procedures." 283 Kan. at 747. Concluding that substantial competent evidence supported the district court's conclusion that the facts required an *Ortiz* exception because Harp was not advised of his right to appeal, we held that Harp's direct appeal of his sentence was properly before this court. Harp's sentence was vacated and the case was remanded for resentencing under *McAdam*. 283 Kan. at 748-49.

Here, the district judge reached the opposite conclusion, finding that Scoville was informed of his rights, and the Court of Appeals agreed. 37 Kan. App. 2d at 344 (concluding substantial competent evidence shows that Scoville "knew of his appeal rights").

Scoville argues the Court of Appeals' holding that he was informed of his rights is contrary to the record and the long line of

Kansas cases which recognize that simply knowing one has the general right to appeal is not enough; a defendant must be informed of the time limit for filing an appeal in order for the defendant to have a meaningful understanding of his or her appellate rights.

We agree that there is nothing in the record to support a finding that Scoville was advised that an appeal must be filed within 10 days. The judge discussed rights to appeal at the plea and sentencing hearings. Yet, no mention was made of the 10-day limit for filing an appeal at either the plea or sentencing hearing. Similarly, at the *Ortiz* hearing, defense counsel admitted that he did not recall advising Scoville of the 10-day limit. In short, the record does not contain substantial competent evidence to support the district court's and Court of Appeals' conclusions that Scoville had an awareness of his right to appeal.

Consequently, we conclude that Scoville was not fully informed of his appellate remedies. Specifically, he was not informed of the steps necessary to implement an appeal, including the 10-day time limit for filing an appeal. Moreover, there was no indication that a written waiver of Scoville's right to appeal his sentence was obtained at the time of the plea or after sentencing. See *Willingham*, 266 Kan. 98, Syl. ¶ 2 ("Where it can be shown that the defendant was fully aware of his or her right to appeal, or was fully advised of his or her right to appeal by counsel at the time of sentencing, a waiver of that right may be established."); K.A.R. 105-3-9 (appointed counsel directed to obtain written waiver). Therefore, Scoville may file an appeal even though the time for a direct appeal has passed, and his appeal of his sentence is properly before this court.

## *McAdam*

As a result, it is necessary to examine whether the district court should resentence Scoville for a severity level 3 drug felony according to the ruling in *McAdam*. The State argues that Scoville should not be resentenced because his appeal would not have been pending at the time of *McAdam* if Scoville had taken an appeal within 10 days of his sentence in June 2003. Contrary to this ar-

gument, Scoville's appeal would likely have been pending when this court decided *McAdam* on January 30, 2004, just less than 8 months after Scoville's sentencing.

Regardless, Scoville is entitled to relief under the holding in *State v. Thomas*, 283 Kan. 796, Syl. ¶ 2, 156 P.3d 1261 (2007). In *Thomas*, this court held that when a direct appeal is granted under an *Ortiz* exception, the appeal is subject to the law in effect at the time of its granting. Thus, Scoville's sentence should be vacated and the holding in *McAdam* should be applied. The case is remanded for resentencing as a severity level 3 drug felony consistent with the ruling in *McAdam*.

The Court of Appeals decision affirming the district court is reversed. The decision of the district court is reversed, the sentence is vacated, and the case is remanded with directions.