NOT DESIGNATED FOR PUBLICATION

No. 112,168

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BRIAN REINWALD,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed August 26, 2016. Affirmed and appeal dismissed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Brock R. Abbey*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS and SCHROEDER, JJ.

*Per Curiam*: Brian Reinwald appeals from the district court's decision denying his request to file a late appeal. Specifically, Reinwald argues that the exceptions in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), permit him to file a notice of appeal beyond the 14-day statutory deadline. Finding that Reinwald was made aware of his right to appeal within 14 days from the date of sentencing and that he neglected to inform his trial counsel of his desire to appeal until after this deadline had passed, we affirm and dismiss his appeal.

1

FACTS

In December 2013, the State charged Reinwald with one count of unlawful possession of a controlled substance and one count of possession of drug paraphernalia in Saline County. Pursuant to a plea agreement, Reinwald agreed to plead no contest to the unlawful possession of a controlled substance charge. In exchange, the State agreed to dismiss the possession of drug paraphernalia charge and recommend that the district court suspend Reinwald's prison sentence so that it could place him on probation.

In a written plea agreement signed by Reinwald and filed with the district court on January 2, 2014, he acknowledged several of his constitutional and statutory rights, which included his right to appeal "within fourteen (14) days of the imposition of said sentence." At his plea hearing held on the same day, the district judge stated that Reinwald had 14 days to appeal his sentence.

On May 20, 2014, the district court followed the plea agreement by imposing an underlying 20-month prison sentence and departing downward to an 18-month probation sentence. At the conclusion of the sentencing hearing, the district judge again informed Reinwald that he had 14 days to appeal his sentence.

Fifteen days later on June 4, 2014, his appointed attorney at the time of sentencing—Julie Effenbeck—filed a notice of appeal on Reinwald's behalf. It is important to note that June 4, 2014, did not fall on a Saturday, Sunday, or legal holiday. See K.S.A. 2013 Supp. 60-206(a)(1)(C). On the same day, the district court appointed the Appellate Defenders' office to represent Reinwald in his appeal.

Shortly thereafter on August 25, 2014, this court entered an order to show cause why the appeal should not be dismissed for lack of jurisdiction because of Reinwald's untimely notice of appeal. Reinwald responded by asking that the case be remanded to

2

the district court for an evidentiary hearing to see if he could establish one of the grounds justifying a late appeal as stated in *Ortiz*, 230 Kan. 733. On October 16, 2014, Reinwald's request was granted.

Two weeks after returning to the district court and before an *Ortiz* hearing could be conducted, the State filed a motion in the district court to revoke Reinwald's probation because he had allegedly absconded. The State also notified this court of Reinwald's disappearance and of its pending motion to revoke Reinwald's probation. On December 15, 2014, the district court was directed to cease the *Ortiz* proceedings and to determine whether Reinwald was an absconder pursuant to *State v. Raiburn*, 289 Kan. 319, 212 P.3d 1029 (2009).

Abiding by the directive from this court, the district court subsequently determined that law enforcement officers had been unsuccessful in locating Reinwald after he had left an in-patient treatment facility in October 2014 without permission. Moreover, the district court found that Reinwald was intentionally concealing himself with the intent to evade detection and arrest. Thus, it concluded that Reinwald was an absconder.

In late January 2015, Hays law enforcement officers arrested Reinwald and returned him to the Saline County Jail. Shortly thereafter, this court entered an order noting that Reinwald was in custody and directing the district court to proceed with the *Ortiz* hearing.

During the *Ortiz* hearing—which was conducted on April 24, 2015—both Effenbeck and Reinwald testified about the events surrounding Reinwald's sentencing. Effenbeck explained that after Reinwald was sentenced in May 2014, "he seemed to be happy about the fact he was getting probation" since he evidently "was not expecting it." She stated that her practice was to automatically file a notice of appeal for clients who are sentenced to prison but not for those placed on probation. Her reasoning was that most

3

defendants who receive probation are typically happy with the result. She remembered that the district court specifically advised Reinwald of his right to appeal within 14 days as well as his right to have an appellate attorney provided for him if he could not afford it. When asked if she recalled discussing the 14-day requirement with Reinwald at the time of sentencing, however, she answered, "I doubt I discussed it with him because he got probation."

Next, Effenbeck testified that Reinwald did not contact her in the 14 days after sentencing. Rather, he "called out of the blue" one day when he was at a treatment center and told her that he wanted to appeal his probation sentence. At that point, Effenbeck immediately filed a notice of appeal even though she knew it was out of time.

Reinwald testified that he remembered the district court informing him of his right to file a notice of appeal within 14 days. When asked, "What was your understanding of the time to file a Notice of Appeal," he responded, "Fourteen days within the day of sentencing." Reinwald claimed that he wrote Effenbeck a letter on May 27, 2014, informing her that he wished to appeal his sentence, but he could not remember when he sent the letter. Furthermore, he stated that did not keep a copy of the letter.

At the conclusion of the hearing, the district court made the following findings of fact: (1) The district court told Reinwald of his right to appeal the sentence at the plea hearing; (2) Reinwald was specifically advised in the written tender of plea of the 14-day limit on his right to appeal as well as his right to have counsel appointed to represent him on appeal; (3) the district court advised Reinwald at sentencing of his right to appeal within 14 days; and (4) Reinwald acknowledged that he heard these statements.

In concluding that none of the *Ortiz* factors applied, the district court stated:

"I had the opportunity to observe the defendant. I do not find it credible that he sent a letter out on May [2]7th, that did not happen. His attorney did not receive the letter because the defendant was happy with the sentence he received and would not have sent a letter."

On April 28, 2015, Reinwald filed a second notice of appeal, which became timely when the district court filed a journal entry memorializing its ruling on May 28, 2015. See Supreme Court Rule 2.03(a) (2015 Kan. Ct. R. Annot. 13); *State v. Hall*, 298 Kan. 978, 988, 319 P.3d 506 (2014).

ANALYSIS

On appeal, Reinwald argues that the district court erroneously found that none of the *Ortiz* exceptions applied. We review the district court's findings of fact for substantial competent evidence while our review of the ultimate legal determination derived from those facts is unlimited. *State v. Scoville*, 286 Kan. 800, 804, 188 P.3d 959 (2008). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

The filing of a timely notice of appeal is jurisdictional. As a general rule, if a party does not appeal within the 14-day period fixed by statute, the appeal must be dismissed as a matter of law. See K.S.A. 2013 Supp. 22-3608(c); *Hall*, 298 Kan. at 986. In *Ortiz,* however, the Kansas Supreme Court set out a limited exception in cases in which a defendant was either: (1) not informed of his or her appellate rights; (2) not furnished with an attorney to perfect an appeal; or (3) furnished with an attorney for that purpose who failed to perfect and complete an appeal. *State v. Gill*, 287 Kan. 289, 294, 196 P.3d 369 (2008) (citing *Ortiz*, 230 Kan. at 735-36). If any of these narrow exceptional circumstances are met, we are to permit an appeal out of time. See *State v. Willingham*, 266 Kan. 98, 99-102, 967 P.2d 1079 (1998).

5

In *State v. Patton*, 287 Kan. 200, 219-24, 195 P.3d 753 (2008), our Supreme Court elaborated upon the standards necessary to establish each *Ortiz* exception. Criminal defendants may meet the first exception by showing that they were denied basic procedural process. 287 Kan. at 219. In addition, "*Patton* recognized the second and third *Ortiz* exceptions are rooted in the concepts of fundamental fairness and the Sixth Amendment right to counsel." *State v. Smith*, 304 Kan. ___, ___ P.3d ___, 2016 WL 4157590, at *3 (No. 110,061, filed August 5, 2016).

Here, Reinwald does not argue that he was not informed of his appellate rights, nor does he contend that he was not furnished with an attorney to perfect and complete his appeal. In fact, a review of the record reveals that Reinwald clearly understood his right to appeal within 14 days of sentencing. When considering whether a defendant has been informed of his or her appellate rights,

> "the defendant bears the evidentiary burden of showing, through the transcript of the sentencing hearing, that the district judge failed to communicate one or more of the items of required information. *Obviously, if the record reveals that the sentencing judge adequately informed the defendant of his or her appeal rights, the first exception analysis ends with a denial of the requested out-of-time appeal*." (Emphasis added.) *Gill*, 287 Kan. at 295.

We, therefore, find that Reinwald is not entitled to relief under the first or second *Ortiz* exceptions.

In his brief, Reinwald focuses on the third *Ortiz* exception by arguing that Effenbeck—by virtue of her position as his appointed attorney—had a duty to file a timely notice of appeal even if he did not instruct her to do so. In making this argument, Reinwald cites K.A.R. 105-3-9(a)(3), which provides that "[i]n order to protect a convicted defendant's right to appeal, it shall be the duty of each trial counsel to . . . file a notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed

6

by the defendant." In response, the State points out that Effenbeck also has a duty not to file frivolous appeals, citing Kansas Supreme Court Rule 7.07(c) (2015 Kan. Ct. R. Annot. 72).

Here, even if we were to assume that Effenbeck failed to abide by the regulation, the Kansas Supreme Court has stated that failing to obtain a written waiver "need not be fatal" where it is clear from the record that the defendant was fully aware of his or her appeal rights. *Willingham*, 266 Kan. at 100-01 (quoting *State v. Mitchell*, 231 Kan. 144, 146-47, 642 P.2d 981 [1982]); see *State v. Northern*, 304 Kan. ___, 375 P.3d 363, 367 (2016) (finding that although trial counsel did not obtain a signed waiver under the regulation, the record indicated that defendant was informed of his right to appeal and that he failed to ask his attorney for an appeal).

Effenbeck testified that she did not receive any communication from Reinwald until after the time to appeal had expired. Although Reinwald testified that he had written Effenbeck a letter on May 27, 2014, he could not recall when he mailed the letter nor did he keep a copy. Moreover, the district court stated that it had observed Reinwald as he testified and that it did not find his testimony regarding the purported letter to be creditable. Of course, we are not to reweigh evidence, assess the credibility of witnesses, or resolve conflicts in evidence. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). Accordingly, we find that substantial competent evidence supports the district court's decision and that Reinwald has failed to establish any of the *Ortiz* exceptions in this case.

Affirmed and appeal dismissed.