NOT DESIGNATED FOR PUBLICATION

No. 116,836

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW A. STIEB,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed August 10, 2018. Affirmed.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., ATCHESON, J., and LORI BOLTON FLEMING, District Judge, assigned.

PER CURIAM: The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 14-day period fixed by statute, it must be dismissed. K.S.A. 2017 Supp. 22-3608(c); see *State v. Snodgrass*, 267 Kan. 185, 196, 979 P.2d 664 (1999). Matthew A. Stieb tried to appeal his conviction more than 14 days after it was final. The district court found that none of the recognized exceptions that allow for a late filing of a notice of appeal applied to Stieb's case. After a full review of the record and testimony,

1

we find that the district court's decision was supported by substantial competent evidence and was legally sound based upon that evidence. As a result, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Stieb pled guilty to four criminal counts involving aggravated indecent liberties with a child and aggravated indecent solicitation of a child. On November 20, 2014, he was sentenced to life in prison with a possibility of parole in 25 years.

On August 15, 2016, over a year and a half after he was sentenced, Stieb filed a pro se notice of appeal which stated that he "thought [his] attorney was to file this." This court ordered the district court to determine whether Stieb's late filing was excused under the exceptions to the timely filing of a notice of appeal listed in *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982).

The district court held a hearing. Stieb testified that he entered the plea in the hope that the district could would order a departure to a grid sentence, which did not occur. Stieb testified that, before sentencing, he asked his attorney, Jama Mitchell, "for an appeal no matter what happened." He also testified that he told Mitchell that he wanted to appeal if the judge did not grant the departure. After sentencing Stieb wrote Mitchell a letter to get copies of his paperwork and transcripts. Stieb did not mention an appeal in the letter. Instead, he testified that he thought she would "[j]ust file it." Stieb testified that "[o]n the way out of sentencing, after everybody was done, and [Mitchell] stopped me and asked me . . . do you want to appeal, and I said, yes, that's your job."

Contrary to Stieb's testimony, Mitchell testified that she found notes in Stieb's case file which revealed that he did not want to appeal. Mitchell testified that if Stieb had mentioned wanting an appeal she would have "scrambled to try to accommodate him." Mitchell also testified that she did not believe the conversation where Stieb asked for an

2

"appeal no matter what" occurred. Mitchell testified that she did not remember a conversation occurring after sentencing about Stieb wanting an appeal. She also stated that if such a conversation had occurred she would not have put notes in Stieb's case file indicating that he did not want an appeal. Mitchell also testified that she had filed late notices of appeal before when a client wanted an appeal and Mitchell had failed to file it on time.

After hearing argument from counsel, the district court considered the three exceptions to the timely filing of a notice of appeal set out in *Ortiz.* The court found Mitchell's testimony more credible than Stieb's. The court held that Stieb did not tell Mitchell that he wanted to appeal. The court held that no *Ortiz* exception applied. Stieb timely appealed from the district court's order.

ANALYSIS

The sole question on appeal is whether the district court erred in denying Stieb's motion to file his appeal out of time. The law on this topic is clear.

The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 14-day period fixed by statute, it must be dismissed. K.S.A. 2017 Supp. 22-3608(c); see *Snodgrass*, 267 Kan. at 196. A limited exception to this general rule is recognized in the interest of fundamental fairness only in those cases where a defendant was: (1) not informed of the right to appeal; (2) not furnished an attorney to perfect an appeal; or (3) furnished an attorney for that purpose who failed to perfect and complete an appeal. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016). These are commonly called the *Ortiz* exceptions because they originated in the case of *Ortiz*, 230 Kan. at 735-36.

3

A district court's decision on whether an exception under *Ortiz* applies in a given case is reviewed on appeal under a dual standard. First, the appellate court reviews the facts underlying the district court's ruling for substantial competent evidence. Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as adequate to support a conclusion. See *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). But the legal conclusion made by the district court on those facts about whether the exception applies is subject to de novo review. *State v. Smith*, 303 Kan. 673, 677, 366 P.3d 226 (2016). With that background, we will consider Stieb's claim of error.

We begin by determining which of the three exceptions Stieb believes applies to Stieb's appeal. He does not allege that he was not informed of his right to appeal or that he was not furnished an attorney to perfect an appeal. As a result, the only *Ortiz* exception at issue is whether Stieb requested a notice of appeal be filed and whether Stieb's attorney failed to do so.

Stieb argues that under a Kansas administrative regulation trial counsel has a duty to "file a notice of appeal in a timely manner, unless a waiver of the right to appeal has been signed by the defendant." K.A.R. 105-3-9(a)(3). There is no waiver of the right to appeal here. That said, Stieb did not raise this issue before the trial court. Issues not raised before the trial court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Nor does Stieb explain why this court should consider his argument for the first time on appeal as required by Kansas Supreme Court Rule 6.02(a)(5) (2018 Kan. S. Ct. R. 34).

Our Supreme Court continues to reiterate that Rule 6.02(a)(5) means what it says and is ignored at a litigant's own peril. See *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). That peril includes a ruling that an issue improperly briefed will be considered waived or abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528

4

(2014). The direction of the Supreme Court could not be any clearer. "[L]itigants have no excuse for noncompliance with Rule 6.02(a)(5)." *Godfrey*, 301 Kan. at 1044. Because Stieb fails to explain why this court should address the lack of written waiver of his right to appeal for the first time on appeal, the issue is abandoned.

Even if we were to consider the lack of a written waiver it would not change our analysis. The failure to obtain a written waiver can be used as evidence to show that an *Ortiz* exception exists. See *State v. Scoville*, 286 Kan. 800, 807, 188 P.3d 959 (2008); *State v. Harp*, 283 Kan. 740, 747-48, 156 P.3d 1268 (2007). But our Supreme Court has also opined that the failure to obtain a written waiver is not dispositive as to whether there has been a waiver of the right to appeal. See *State v. Willingham*, 266 Kan. 98, 100, 967 P.2d 1079 (1998).

Here Mitchell testified that Stieb did not want to appeal his sentence. Stieb testified that he told Mitchell to file a notice of appeal. The district court clearly found Mitchell's testimony more credible. By asking us to accept his version of the conversations, Stieb essentially asks this court to reweigh the evidence. But appellate courts do not reweigh evidence or reevaluate the credibility of witnesses. *State v. Jackson*, 280 Kan. 16, 39-40, 118 P.3d 1238 (2005); *State v. Shaffer*, No. 112,151, 2015 WL 7434261, at *4 (Kan. App. 2015) (unpublished opinion). Substantial competent evidence exists to support the district court's ruling. See *Talkington*, 301 Kan. at 461. And in light of its factual finding that Stieb told his attorney he did not want to appeal, the district court was legally correct in finding that there was no *Ortiz* exception that applied to allow the untimely filing of a notice of appeal.

In conclusion, Stieb's appeal was filed well outside the 14-day period afforded by statute. The district court did not err in finding that no *Ortiz* exception applied to allow his late filing.

Affirmed.