NOT DESIGNATED FOR PUBLICATION

No. 125,761

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CASINROYIAL DONJE CASZARONE COLLINS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Submitted without oral argument. Opinion filed June 7, 2024. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Chelsea Anderson*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before CLINE, P.J., ATCHESON and PICKERING, JJ.


PER CURIAM: Casinroyial Donje Caszarone Collins appeals the district court's order denying his motion to reinstate his late appeal. Because we find his arguments on appeal are either unpreserved or unpersuasive, we find no error and affirm the district court's decision.

1

FACTUAL AND PROCEDURAL BACKGROUND

The facts supporting Collins' convictions are largely immaterial to the issues before us. In short, based on events surrounding Collins' theft of an automobile and shooting its owner in the face, the State charged Collins and others with aggravated robbery, kidnapping, and aggravated battery. Collins later entered guilty pleas to all three charges in exchange for the State's sentencing recommendation for a dispositional sentencing departure to community corrections.

At sentencing, the district court followed the plea recommendations, granting Collins' motion for a downward dispositional departure. The court imposed underlying prison terms for all three charges, which it suspended in favor of 36 months of probation.

About a month into his probation period, the State filed a warrant alleging that Collins had violated the conditions of his probation, including, among other ways, by committing several new criminal offenses. Collins waived an evidentiary hearing on the probation violations, admitting to the allegations in the warrant. The court revoked probation and ordered Collins to serve the underlying prison sentences originally imposed at sentencing.

Collins' attorney filed a notice of appeal a few days after the statutory deadline. We issued a show-cause order asking Collins to explain why the appeal should not be dismissed for lack of jurisdiction. Collins responded, arguing for application of an exception provided by *State v. Ortiz*, 230 Kan 733, 736, 640 P.2d 1255 (1982)—that he intended to file an appeal but his attorney failed to perfect the appeal. We then remanded the case to the district court for a determination of whether *Ortiz* applied to preserve Collins' late appeal.

Collins moved to reinstate the appeal in the district court. Collins argued the first and third *Ortiz* exceptions applied to allow him to appeal out of time: The district court judge did not advise Collins of his right to appeal at the time of sentencing for his probation revocation, and his attorney failed to perfect the appeal. He noted that his attorney failed to secure a written waiver of appeal from Collins, thus creating an ambiguity in the record on Collins' wishes about an appeal.

At the evidentiary *Ortiz* hearing, both Collins and Garrett Heath, Collins' attorney for the probation revocation, testified. Heath said he told Collins that Collins had a right to appeal after the probation revocation hearing ended, but they did not have time to discuss it. Heath told Collins to let him know if Collins wanted to discuss his right to appeal further. Heath offered to visit Collins in jail to discuss it. When Heath returned to his office later that day, Collins called and said he wanted to discuss his right to appeal. Heath visited Collins at the jail about a week later and provided legal advice about Collins' right to appeal. At that time, Collins told Heath he was not interested in an appeal. Heath reminded Collins of the time limitation for filing an appeal before leaving the jail and explained that he had a right to an appeal and that an appellate attorney would handle the appeal. Heath next heard from Collins on November 3, wanting to proceed with an appeal. Heath drafted the order and had a colleague electronically file the notice of appeal the same day.

Collins essentially confirmed Heath's account about the events right after the probation revocation hearing and that Heath visited him in jail afterward. But Collins offered conflicting testimony about when he told Heath he wanted to appeal. At one point, he testified he did not remember what he discussed with Heath during the jail visit or when that visit occurred. He also testified he did not remember if he told Heath he wanted to appeal during the jail visit. Later, he claimed he told Heath at the jail meeting that he wanted to take an appeal. At another point, he claimed that he decided to take an appeal later the same day or the day after Heath visited the jail. Collins said he changed

his mind about an appeal after speaking with his grandparents. He claimed that he then called Heath's office and left a message with his secretary about pursuing an appeal. Collins said he kept calling Heath's office and leaving messages after the jail visit to inquire about the appeal, but he did not hear back from Heath until November 3.

After hearing the evidence and considering the parties' arguments, the district court denied Collins' motion, finding that no exception to *Ortiz* applied. Although the court acknowledged it had failed to advise Collins of his right to appeal at the probation revocation hearing, it noted that Heath advised Collins of this right immediately after the hearing. And it relied on Heath's testimony explaining that he discussed Collins' right to appeal in depth at their jail meeting. It thus found the first factor did not apply since it found Collins was promptly informed of his right to appeal. As for the third factor, the court relied on Heath's testimony that Collins did not tell him he wanted to appeal until November 3, three days after the deadline passed. Given that Heath immediately filed an appeal on November 3, the court did not credit Collins' claim that he asked Heath to file an appeal at the jail meeting. The court also weighed the detailed recall Heath presented of the jail meeting against Collins' inability to recall what he told Heath at that meeting about filing an appeal.

Collins filed a timely notice of appeal from the district court's ruling denying his late appeal.

REVIEW OF COLLINS' APPELLATE CHALLENGES

Collins again challenges the district court's decision on both the first and third *Ortiz* exceptions. But the arguments he raises on appeal differ somewhat from those he raised in the district court. At the remand hearing and in his motion, Collins argued that he should be allowed to appeal out of time because the district court failed to advise him

4

of the right to appeal at the probation revocation hearing and he told his attorney that he wanted to take an appeal before the time limitation had expired.

On appeal, in contrast, Collins argues his attorney's advisement of his right to appeal was materially incomplete so it did not cure the district court's failure to advise him of this right. In support, he contends that Heath did not testify that he advised Collins that he was entitled to have counsel appointed on appeal. He also now contends Heath provided deficient representation which prevented Collins' appeal from being perfected because Heath did not properly advise Collins about his appeal rights or have Collins sign a written waiver of appeal. Collins argues that when he told Heath, "'I just wanna get my time started,'" Heath should have told Collins he did not have to choose between starting his sentence and pursing an appeal. And he argues Heath's failure to obtain a written waiver of appeal violated K.A.R. 105-3-9(a)(3) and prevented the timely filing of an appeal because if Heath had asked Collins to sign a waiver then Collins' intent about pursing an appeal "would have been crystal clear."

*Applicable legal standards*

Appellate jurisdiction is statutory. There is no state or federal constitutional right to appeal. Accordingly, a party wishing to appeal must comply with the statutory requirements for perfecting an appeal. *In re I.A.*, 313 Kan. 803, 806, 491 P.3d 1241 (2021). Under K.S.A. 22-3608(c), a criminal defendant has 14 days from the judge's pronouncement of judgment from the bench to file a notice of appeal with the district court. Collins filed his notice of appeal 17 days after the probation revocation hearing when the court had revoked his probation and imposed the underlying prison sentences. Collins acknowledges he filed his appeal out of time.

The Kansas Supreme Court, however, has adopted some limited exceptions to this statutory filing requirement. In *Ortiz*, the court held that a criminal defendant must be

5

allowed to take a late appeal if the criminal defendant was not informed of his or her right to appeal or not advised of the time limitations for perfecting that appeal; if the criminal defendant was not provided an attorney to help file the appeal; or if the criminal defendant advised his or her attorney of the desire to file an appeal within the applicable time frame but the attorney provided deficient representation in failing to file the appeal timely. See *State v. Smith*, 312 Kan. 876, 877, 482 P.3d 586 (2021) (listing the three *Ortiz* exceptions). Because *Ortiz* provides exceptions to an appellate court's statutory authority to consider an appeal, the criminal defendant seeking application of an exception bears the burden to establish the applicability of an exception. See *State v. Singleton*, 33 Kan. App. 2d 478, 487, 104 P.3d 424 (2005).

When a criminal defendant challenges a district court's decision on the applicability of an *Ortiz* exception, an appellate court first reviews the facts adopted by the district court for substantial competent evidence. *Smith*, 312 Kan. at 887. Substantial competent evidence is judicially defined as such legal and relevant evidence as a reasonable person could accept to support a conclusion. In conducting this step of the analysis, an appellate court does not reweigh the evidence, assess the credibility of the witnesses, or resolve conflicts in the evidence. 312 Kan. at 887. Then, the appellate court applies the established facts to the exceptions. This step is a question of law subject to unlimited appellate review. 312 Kan. at 887 (quoting *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 [2005]).

*Collins has not preserved his argument that the first* Ortiz *exception applies.*

When a criminal defendant seeks to take a late appeal under the first *Ortiz* exception, the courts apply a three-part, burden-shifting analysis. The criminal defendant bears the initial burden to show that the court failed to communicate all the needed information about the defendant's appeal rights. If the defendant meets that burden, the burden shifts to the State to show that the defendant possessed actual knowledge of the

6

required information. Finally, even if the State does not satisfy this second step, the defendant must persuade the court that he would have taken a timely appeal if he had been furnished with the omitted information. *State v. Smith*, 303 Kan. 673, 678, 366 P.3d 226 (2016).

As mentioned, Collins simply argued below that the first *Ortiz* exception applied because the district court did not advise him of his right to appeal at the probation revocation hearing. The State responded that Collins possessed actual knowledge of his appeal rights because Heath advised him of that right immediately after the hearing and later discussed the right at the jail. The district court thus found the State met its burden to show Collins had actual knowledge of his appellate rights.

Collins' argument on this issue is entirely new on appeal. He now argues the State did not meet its burden to show he had actual knowledge of *all* of his appeal rights because Heath did not testify he told Collins he had a right to appointed counsel on appeal. Collins did not challenge whether the State met its burden on this issue below or argue that Collins did not possess sufficient actual knowledge of his appeal rights.

Collins contends this issue is sufficiently preserved because he raised the application of the first *Ortiz* exception below. Typically, though, we require a specific argument to be presented to the district court to preserve it for appellate review. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022) (A party may not object at trial on one ground and then argue a different ground on appeal.).

Collins did not challenge the sufficiency of Heath's advisement of his appeal rights or even address the State's argument that he had actual knowledge of those rights before the district court. And at the remand hearing, he only questioned Heath about when he discussed those rights with Collins, not what they discussed.

7

Our job as an appellate court is to review district court decisions for error. But since the district court had no opportunity to rule on this issue, we have no decision to review. That is, we have no findings of fact on whether Collins knew that he could continue to have counsel appointed on appeal, as he had throughout his criminal proceedings, because Collins did not bring this potential deficiency in knowledge to the district court's attention. Nor did Collins provide the State an opportunity to respond to this argument below or develop evidence to support the State's position on the issue.

Collins' presentation of this issue for the first time on appeal goes beyond a failure to preserve the issue for appellate review. As the party with the burden to demonstrate the applicability of one or more of the *Ortiz* exceptions, Collins also bears the burden to designate a record showing error by the district court. Since Collins did not develop the evidentiary record on this point at the remand hearing, the factual record is insufficient to resolve Collins' appellate arguments. See *State v. Liles*, 313 Kan. 772, 783-84, 490 P.3d 1206 (2021); Kansas Supreme Court Rule 6.02(a)(4) and (a)(5) (2024 Kan. S. Ct. R. at 36).

The only evidence Collins offers to support his argument is a portion of Heath's testimony at the remand hearing where Heath summarizes his discussion with Collins on his appellate rights. Because Heath did not specifically testify that he told Collins he had a right to appointed counsel on appeal (and instead only generally testified that he discussed Collins' right to talk to an attorney who specializes in appeals), Collins asks us to assume (a) Heath did not advise Collins of his right to appointed counsel on appeal, and (b) Collins was not otherwise aware of his right to continue to have counsel appointed to represent him on appeal. Collins is asking us to weigh this testimony differently than the district court and resolve this newly raised conflict about the extent of his discussions with Heath in his favor, which is outside the boundaries of our authority. See *Smith*, 312 Kan. at 887.

Collins did not give the district court an opportunity to address this issue below, and nor do we have a sufficient evidentiary record on which we can decide the issue on appeal. We therefore find it is unpreserved for our review.

Recognizing the possibility that the specific issue he now raises on appeal was not properly preserved, Collins alternatively urges this court to exercise its discretion to address new issues on appeal. He relies on two exceptions to the general prohibition against raising new issues on appeal which we have recognized: (1) The issue presents a pure legal question dispositive of the appeal and (2) reaching the issue is necessary to serve the ends of justice and prevent the denial of fundamental rights. See *State v. Allen*, 314 Kan. 280, 283, 497 P.3d 566 (2021). But an appellate court need not reach an unpreserved issue, even if an appellant demonstrates the applicability of an exception. See *State v. Valdez*, 316 Kan. 1, 11, 512 P.3d 1125 (2022). And we find Collins has not justified our application of either of these preservation exceptions.

First, we disagree that this issue presents a pure question of law. Other than the first step, which the court may determine from a review of the cold record, the test to determine the applicability of the first *Ortiz* exception requires factual findings from an undeveloped evidentiary record that an appellate court cannot properly make in the first instance. *State v. Nelson*, 291 Kan. 475, 488, 243 P.3d 343 (2010) ("[A]ppellate courts do not make factual findings, even if the record is sufficient for the court to reach the factual issues. Fact-finding is simply not the role of appellate courts.").

As explained above, to determine whether the district court erred in finding Collins had actual knowledge of his appellate rights, we would need to make factual findings about the extent of Heath's discussions on Collins' rights to appeal as well as the impact of other sources for Collins' knowledge on this right. See *State v. Patton*, 287 Kan. 200, 221-22, 195 P.3d 753 (2008) (noting sources to satisfy the State's evidentiary burden to show a defendant had actual knowledge of his appeal rights by some means

9

other than the district court can include "counsel's advice, the wording of an agreement signed by the defendant, or some other person or document"). In fact, the parties' arguments on appeal show that this is not a purely legal question because they address fact issues surrounding Collins' history of court-appointed attorneys in the case and prior advisements of his right to appointed counsel for appeals. Therefore, the first cited preservation exception does not apply.

Next, Collins' argument that refusing to consider his appellate arguments impinges on some fundamental right or fails to serve the ends of justice is not persuasive. To the extent an appellate court could correct some procedural error by considering untimely appeals, consideration of nearly all unpreserved issues serves the ends of justice. Consideration of the substantive issues provides a litigant with his or her day in court. But if the exception were interpreted that broadly, it would swallow the rule that legal issues must be preserved in the district court before litigating them in the appellate courts. In the range of possible appellate considerations, a review of Collins' probation revocation does not appear necessary to preserve some fundamental right.

Since Collins has not briefed the challenges to his probation revocation that he would raise on appeal, this court cannot know the precise issues Collins believes would preserve his fundamental rights or serve the ends of justice. Appellate review of Collins' probation revocation is limited. Collins admitted to the alleged probation violations and reserved no right to contest any of the allegations supporting those violations. Therefore, his due process rights have not been violated by the revocation of probation. See *State v. Grossman*, 45 Kan. App. 2d 420, 424-25, 248 P.3d 776 (2011). Once a probation violation is established, the district court's disposition is left to the sound exercise of judicial discretion. Collins would have the burden on appeal to establish an abuse of that discretion. See *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022).

As Collins' probation stemmed from a dispositional sentencing departure and since he admitted to the commission of new offenses while he was on probation, the district court was statutorily authorized to revoke Collins' probation without imposing any intermediate sanctions. See K.S.A. 22-3716(c)(7)(B) and (c)(7)(C). The disposition thereafter is a purely discretionary judgment, which means an appellate court will reverse the district court only if no reasonable person in the position of the district court would have ruled the same way. *Green*, 315 Kan. at 179-80. The exercise of judicial discretion to dispose of a probation revocation does not seem the type of appellate issue that would fall within the scope of "fundamental rights" or "serv[ing] the ends of justice." *Allen*, 314 Kan. at 283. Accordingly, we decline to consider Collins' appellate argument raised for the first time on appeal. See *Valdez*, 316 Kan. at 11.

*Collins has not met his burden to show the third* Ortiz *exception applies.*

The third *Ortiz* exception allows a late appeal if defense counsel provided deficient performance, preventing an appeal from being perfected. *Patton*, 287 Kan. at 223. Along with proving his counsel was deficient, Collins must prove that, but for his attorney's failure to perform, he would have timely appealed. See 287 Kan. at 224-25.

Below, Collins argued he either told or tried to tell Heath to file the appeal before the deadline ran. He claimed Heath's failure to obtain the written waiver of appeal created an ambiguity because if Heath had presented the waiver to Collins then the record would be clear as to whether Collins wanted to pursue the appeal.

Collins renews his argument on appeal that his attorney failed to adequately perform by failing to obtain a written waiver of Collins' right to appeal. He also raises another new argument, now claiming Heath's performance was also deficient in failing to advise Collins that he could immediately start his sentence while pursuing an appeal.

A. *Failure to Obtain Written Waiver*

Collins correctly points out that K.A.R. 105-3-9(a)(3) requires trial counsel to file a notice of appeal unless a waiver of the right to appeal has been signed by the defendant. Though the regulation contains mandatory language, Collins acknowledges the failure to comply with the regulation is not a per se basis for *Ortiz* relief. See *State v. Northern*, 304 Kan. 860, 865, 375 P.3d 363 (2016); *State v. Scoville*, 286 Kan. 800, 807, 188 P.3d 959 (2008).

While Collins is correct that a signed waiver of appeal would be better evidence, our Supreme Court has held that trial counsel's testimony describing client conversations about appeal rights and whether the client wished to take an appeal can be a sufficient substitute for a K.A.R. 105-3-9 waiver. *Northern*, 304 Kan. at 865. Heath testified that Collins did not tell Heath he wanted to appeal before the deadline ran, and the district court found Heath's testimony more credible on this issue.

Moreover, even if we found Health's failure to obtain a K.A.R. 105-3-9 waiver from Collins was sufficient evidence to find Heath's representation was deficient, Collins has not shown prejudice arising from the deficiency. He did not testify that, if he had been presented with a written waiver, he would have changed his mind about taking an appeal. In fact, he testified at one point that he told Heath at the jail meeting that he wanted to file an appeal. The district court did not credit that testimony considering Heath's testimony to the contrary and the general circumstances of the case. Collins also inconsistently testified that he changed his mind about taking an appeal after speaking with his grandparents after the jail meeting, said he did not remember when he told Heath he wanted to appeal, and said he did not remember what they discussed at the jail meeting.

Collins asks us to reweigh evidence and reassess credibility on appeal, which we cannot do. See *Smith*, 312 Kan. at 887. We therefore decline to find the district court erred in its determination that Collions failed to satisfy his burden to show application of the third *Ortiz* exception on this basis.

### B. *Incomplete Legal Advice*

Collins also contends that Heath provided deficient representation in failing to advise him that he could start serving his prison sentence and take an appeal. This is a new argument on appeal which we decline to consider for the same reasons we declined to consider his new arguments on the application of the first *Ortiz* exception. Both arguments involve allegations about Heath's advice, which were not made below and for which no evidentiary record was developed. Collins' argument requires us to engage in fact-finding which we cannot do—both because it is outside the scope of our authority and because the evidentiary record is insufficient to allow it. And again, the district court was not presented with this basis to allow Collins' late appeal.

Neither Heath nor Collins were asked detailed questions about Heath's advice regarding an appeal. Heath testified that he explained the limitations of an appeal from the judge's probation revocation and the likelihood of success. Heath also said he informed Collins that he had a right to appeal and explained the process that an appeal would take. Heath then testified that Collins suggested that he was not interested in taking an appeal; he just wanted to get started on serving his time. Heath testified that he told Collins that if Collins changed his mind, he could contact Heath.

Because the matter was not explored further, this court cannot assume that Heath did or did not explain that Collins could pursue an appeal while serving his sentence. And Collins has not established a record from which this court could conclude that, but for the alleged deficient representation, Collins would have filed a timely notice of appeal.

Because this issue was never raised in the district court, there is no evidentiary record on this point. To resolve this point in Collins' favor, this court would be required to speculate or make assumptions in favor of Collins, which is inappropriate. See *State v. Logan*, No. 112,355, 2015 WL 5613258, at *3 (Kan. App. 2015) (unpublished opinion) ("Courts do not engage in the business of speculation.").

We therefore find Collins' argument unpreserved and decline to consider it.

Collins has failed to show the district court erred, so we affirm its denial of his motion to reinstate his appeal.

Affirmed.